IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Infrastructure Services Luxembourg S.A.R.L. and Energia Termosolar B.V.,

        *Petitioners*,

v.

Kingdom of Spain,

        *Respondent*.

Civil Action No. 1:18-cv-01753-EGS

**Notice of Supplemental Authority in Support of
Petitioners' Response to Spain's Motion to Dismiss and
Reply in Support of Petition to Enforce Arbitral Award**

Petitioners Infrastructure Services Luxembourg S.A.R.L. and Energia Termosolar B.V. hereby submit this notice of supplemental authority in support of their Response to the Motion to Dismiss filed by the Kingdom of Spain ("Spain") and Reply in Support of the Petition to Enforce the Arbitral Award dated January 28, 2019 ("Petitioners' Response").  ECF No. 19.

The Petition asks this Court to enforce an arbitration award entered in favor of Petitioners and against Spain pursuant to the ICSID Convention (the "Award"), ECF No. 1-1, Ex. A, by entering judgment against Spain in Petitioners' favor in the amounts of the Award "or any other adjusted amount that subsequently becomes part of the Award pursuant to Article 49(2) of the ICSID Convention."  ECF No. 1 at 9.  Article 49(2) permits the parties to an ICSID arbitration to request rectification of the final award to correct any "clerical, arithmetical or similar error."  ECF No. 1-2.

In its Motion to Dismiss the Petition to Enforce the Arbitral Award, filed on December 28, 2018, Spain argued that the Award must "be refused enforcement because"—as of that filing—the Award was "in the process of being rectified" by the arbitration tribunal that issued it ("Tribunal"),

1

and therefore (in Spain's view) was "not final."  Spain Br. 33 (ECF No. 18-1).  Spain stated that "[t]he [T]ribunal w[ould] determine the size of the correction in the [then-]pending rectification proceeding and its decision w[ould] 'become part of the [A]ward,'" which could then be enforced as rectified.  *Id.* at 34.  Petitioners responded that Spain's objection would soon be rendered moot, as the decision on rectification was due the week of Petitioners' Response.  Pet'rs' Resp. Br. 42 (ECF No. 19).

The day after Petitioners filed their Response, on January 29, 2019, the Tribunal issued its Decision on Rectification of the Award ("Decision"), which is attached to this notice as Exhibit 1.  The Decision amends the Petitioners' compensatory damages from €112 million to €101 million, Ex. 1, ¶¶ 40(a)-(b), and makes no other changes to the Award.

Dated: February 1, 2019

                                          Respectfully submitted,

                                          /s/ Stuart F. Delery

                                          Stuart F. Delery, D.C. Bar #449890
                                          sdelery@gibsondunn.com
                                          Matthew McGill, D.C. Bar #481430
                                          mmcgill@gibsondunn.com
                                          Matthew S. Rozen, D.C. Bar #1023209
                                          mrozen@gibsondunn.com
                                          Ankita Ritwik, D.C. Bar #1024801
                                          aritwik@gibsondunn.com
                                          Benjamin Hayes, D.C. Bar #1030143
                                          bhayes@gibsondunn.com
                                          GIBSON, DUNN & CRUTCHER LLP
                                          1050 Connecticut Avenue, N.W.
                                          Washington, DC  20036
                                          Telephone:  202.955.8500
                                          Facsimile:  202.467.0539

                                          *Attorneys for Infrastructure Services Luxembourg*
                                          *S.A.R.L. and Energia Termosolar B.V.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Infrastructure Services Luxembourg S.A.R.L. and Energia Termosolar B.V.,<br><br>   *Petitioners*,<br><br>v.<br><br>Kingdom of Spain,<br><br>   *Respondent*. | **Civil Action No. 1:18-cv-01753-EGS** |

**Notice of Supplemental Authority in Support of
Petitioners' Response to Spain's Motion to Dismiss and
<u>Reply in Support of Petition to Enforce Arbitral Award</u>**

# EXHIBIT 1



**INTERNATIONAL CENTRE FOR SETTLEMENT OF INVESTMENT DISPUTES**

1818 H STREET, NW | WASHINGTON, DC 20433 | USA
TELEPHONE +1 (202) 458 1534 | FACSIMILE +1 (202) 522 2615
WWW.WORLDBANK.ORG/ICSID

January 29, 2019

<u>By courier</u>
(*advance copy by email*)

| | |
|---|---|
| **Antin Infrastructure Services Luxembourg S.à.r.l. and Antin Energia Termosolar B.V.**<br>c/o Mr. Jeffrey Sullivan<br>Mr. Rahim Moloo<br>Ms. Ceyda Knoebel<br>Mr. Theo Tyrrell<br>Ms. Ankita Ritwik<br>Gibson Dunn & Crutcher LLP<br>Telephone House<br>2-4 Temple Avenue<br>London EC4Y 0HB<br>United Kingdom | **Kingdom of Spain**<br>c/o Mr. José Manuel Gutiérrez Delgado<br>Mr. Roberto Fernández Castilla<br>Ms. Patricia Froehlingsdorf Nicolás<br>Ms. Elena Oñoro Sainz<br>Ms. María José Ruiz Sánchez<br>Ms. Ana María Rodríguez Esquivias<br>Ms. Gloria María de la Guardia Limeres<br>Mr. Juan Antonio Quesada Navarro<br>Abogacía General del Estado<br>Ministry of Justice of the Government of Spain<br>Calle Ayala 5<br>28001 Madrid<br>Spain |

Re: <u>**Antin Infrastructure Services Luxembourg S.à.r.l. and Antin Energia Termosolar B.V. v. Kingdom of Spain**</u>
(ICSID Case No. ARB/13/31)

Dear Mesdames and Sirs,

Please find enclosed certified copies of the English and Spanish versions of the Tribunal's Decision on Rectification of the Award dated January 29, 2019 (the "Decision"). In accordance with Article 49(2) of the ICSID Convention, the Decision shall become part of the Award.

Pursuant to ICSID Arbitration Rules 48 and 49(4), I have authenticated the original texts of the Decision and deposited them in the Centre's archives. In accordance with Arbitration Rule 48, the Decision is deemed to have been rendered on the date of the dispatch, which is indicated on the original text of the Decision and on all copies.

In accordance with Section 23.1 of Procedural Order No. 1, "[t]he ICSID Secretariat shall not publish any ruling issued in the present proceeding without the consent of the parties, unless it has been previously published by any other source." I would be grateful if the parties could inform us whether they consent to the publication of the Decision on the ICSID website.

I take this opportunity to inquire whether the parties would also consent to the publication of the following decisions, and orders, issued in this case:

1. Procedural Orders Nos. 1 to 10;
2. Tribunal's Decision of December 15, 2014, on the European Commission's Application for Leave to Intervene as a Non-Disputing Party;
3. Tribunal's Decision of March 2, 2015, on the Respondent's Request for Bifurcation;
4. Tribunal's Decision of February 5, 2016, on the European Commission's Second Application for Leave to Intervene as Non-Disputing Party;
5. Tribunal's Decision of February 26, 2016, on the European Commission's Request to Alter the Tribunal's Decision on the European Commission's Second Application for Leave to Intervene as Non-Disputing Party; and the
6. Tribunal's Award of June 15, 2018.

Yours sincerely,

Meg Kinnear
Secretary-General

Enclosures

cc (by courier with enclosures, advance copy by email):
Members of the Tribunal

INTERNATIONAL CENTRE FOR SETTLEMENT OF INVESTMENT DISPUTES

WASHINGTON D.C.

In the arbitration proceeding between

ANTIN INFRASTRUCTURE SERVICES LUXEMBOURG S. à r. l. and
ANTIN ENERGIA TERMOSOLAR B.V.

v.

THE KINGDOM OF SPAIN

ICSID CASE No. ARB/13/31

---

**Decision on Rectification of the Award**

---

Members of the Tribunal

Mr. J. Christopher Thomas QC, Arbitrator
Mr. Klaus Reichert, Arbitrator
Dr. Eduardo Zuleta, President

Secretary of the Tribunal:

Ms. Natalí Sequeira

Date of dispatch to the Parties: 29 January 2019

**REPRESENTATION OF THE PARTIES**
_____

*Representing Antin Infrastructure Services Luxembourg S.à.r.l. and Antin Energia Termosolar B.V.:*

Mr. Jeffrey Sullivan
Mr. Rahim Moloo
Ms. Ceyda Knoebel
Mr. Theo Tyrrell
Ms. Ankita Ritwik

Gibson Dunn & Crutcher LLP
Telephone House
2-4 Temple Avenue
London EC4Y 0HB
United Kingdom

*Representing the Kingdom of Spain*:

Mr. José Manuel Gutiérrez Delgado
Mr. Antolín Fernández Antuña
Mr. Roberto Fernández Castilla
Ms. Patricia Froehlingsdorf Nicolás
Ms. Mónica Moraleda Saceda
Ms. Elena Oñoro Sainz
Ms. Amaia Rivas Kortázar
Ms. María José Ruiz Sánchez
Mr. Diego Santacruz Descartín

Abogacía General del Estado
Ministry of Justice of the Government of Spain
Calle Ayala 5
28001, Madrid
Spain

# TABLE OF CONTENTS

**I.   PROCEDURAL HISTORY** ...................................................................................................1
**II.  RECTIFICATION** ................................................................................................................2
    A.    The Respondent's Request .................................................................................2
    B.    The Claimants' Position ....................................................................................3
**III. THE TRIBUNAL'S DECISION ON RECTIFICATION** ........................................................4

## I. PROCEDURAL HISTORY

1. On 15 June 2018, an Arbitral Tribunal comprising Mr. Eduardo Zuleta, Prof. Francisco Orrego Vicuña and Mr. J. Christopher Thomas QC rendered the award in *Antin Infrastructure Services Luxembourg S. à r. l. and Antin Energia Termosolar B.V. v. the Kingdom of Spain* (ICSID Case No. ARB/13/31) (the "Award").

2. For the reasons stated in the Award, the Tribunal found the Respondent responsible for breaching its obligation under Article 10(1) of the ECT to accord the Claimants fair and equitable treatment.[1] Thus, the Tribunal ordered the Respondent to pay the Claimants a sum of EUR 112 million as compensation.[2]

3. On 24 July 2018, pursuant to Article 49(2) of the Convention on the Settlement of Investment Disputes between States and Nationals of Other States (the "ICSID Convention") and Rule 49 of the Rules of Procedure for Arbitration Proceedings ("ICSID Arbitration Rules"), the Kingdom of Spain submitted a Request for Rectification of the Award, together with its Annex ("Respondent's Request") to the Secretary-General of ICSID. The Request was accompanied by the lodging fee in accordance with ICSID Arbitration Rule 49(1)(d).

4. On 25 July 2018, the Secretary-General of ICSID registered the Respondent's Request and notified the Parties and the Tribunal of its registration pursuant to Rule 49(2) of the ICSID Arbitration Rules.

5. On 27 July 2018, the Tribunal informed the Parties of the procedural calendar for the Parties to submit their written observations on the Respondent's Request. A revised procedural calendar was sent to the Parties on 21 August 2018.

6. Pursuant to the revised calendar, on 3 September 2018, the Claimants filed their Response to the Respondent's Request ("Claimants' Response").

7. On 14 September 2018, the Respondent filed a Reply to the Claimants' Response ("Respondent's Reply").

8. On 24 September 2018, the Claimants filed their Rejoinder to the Respondent's Reply ("Claimants' Rejoinder").

---

[1] Award, para. 630.
[2] *Ibid.*, para. 748(c).

9. On 2 October 2018, the Centre notified the Parties of the passing of Prof. Orrego Vicuña. In accordance with ICSID Arbitration Rule 10(2), the proceeding was suspended.

10. Pursuant to ICSID Arbitration Rule 11(1) on 14 November 2018, the Claimants appointed Mr. Klaus Reichert, a national of Germany and Ireland, as an arbitrator. On 18 November 2018, Mr. Reichert accepted his appointment as arbitrator.

11. The Tribunal was reconstituted on 19 November 2018, in accordance with ICSID Arbitration Rule 12. Its Members are: Mr. Eduardo Zuleta, Mr. Klaus Reichert and Mr. J. Christopher Thomas QC.

## II. RECTIFICATION

### A. THE RESPONDENT'S REQUEST

12. Pursuant to Article 49(2) of the ICSID Convention, the Respondent requests the Tribunal to rectify a clerical error of the Award in the amount of EUR 28 million and therefore, to deduct the aforesaid sum from the damages awarded to the Claimants and amend the Tribunal's allocation on costs accordingly.[3]

13. The basis of the Respondent's Request is an alleged clerical error made by the Tribunal when using the data from Brattle's II Report, Appendix A, Table 14.[4] The Respondent argues that when the Tribunal decided to apply Brattle's calculations on damages (based on a useful life of the plant of 25 years[5]) it confused the figure of "But for Value" in the Table with the Damages because "Brattle['s] Table 14…states unequivocally…that damages assuming 25 year useful life are EUR 84 million."[6]

14. The Respondent further alleges that the Tribunal also confused 35 years (sensitivity) with 40 years (claim), resulting in another clerical error made in paragraph 725 of the Award.

15. Finally, the Respondent requests that the Tribunal correct the allocation of costs because the Claimants asked for EUR 246 million and, after the rectification resulting from the correction of the clerical errors, the amount awarded should be EUR 84 million, which is 25% of the primary claim and not approximately 50% as stated in the Award.[7]

---

[3] Respondent's Request, paras. 21 and 23. Respondent's Reply, paras. 17 and 33(4).
[4] Respondent's Reply, para. 27.
[5] *Ibid.*, paras. 28-29.
[6] *Ibid.*, paras. 14 and 30 (emphasis omitted).
[7] Respondent's Request, para. 23; *see also* Respondent's Reply, para. 33(3).

16. For these reasons, the Respondent requests the Tribunal to:

> "1.- Rectify paragraph 748(d)[sic] of the Antin Award (Decision), which now reads "…[T]he Respondent shall pay, EUR 112 million as compensation". It must be rectified and instead read: "…[T]he Respondent shall pay, EUR 84 million as compensation".
> 2.- Rectify accordingly paragraphs 640 and 725.
> 3.- Rectify the allocation of costs, reflecting the fact that the Claimants asked for EUR 246 million (first Brattle quantum report, paragraph 23) and, when rectifying the clerical error, it has been Awarded only EUR 84 million plus interest (approx. 25% of the primary claim –and not aprox. 50%-).
> 4.- Consider the delay caused by Claimants' futile Response which is contrary to good faith when rectifying the costs in the Award and when allocating the costs of this Rectification.
> 5.- Implement all the aforementioned as soon as possible, in order to avoid further indirect damages in other parallel proceedings caused by the flawed Antin Award."

### B. THE CLAIMANTS' POSITION

17. The Claimants' position coincides, in principle, with that of the Respondent in that the Award contains a clerical error related to the calculation of the compensation. However, in the Claimants' view, the amount to be deducted should be EUR 11 million and not EUR 28 million.[8]

18. The Claimants allege that the clerical error resulted from the fact that the amount corresponding to the historical losses was not deducted from the total amount of damages awarded, despite the fact that the Tribunal found that the claim for historical losses must fail. The historical losses value is EUR 11 million, in consequence, the Claimants should have been awarded EUR 101 million in damages and not EUR 128 million as stated in paragraph 725 of the Award.[9]

19. Concerning the Respondent's claim on the alleged errors in the application of the Brattle damages table and on the alleged confusion by the Tribunal between the "sensitivity" and the claim, the Claimants claim that this was not an error (clerical or otherwise) committed by the Tribunal. It was instead a reflection of the Tribunal's own estimation of the difference between future losses for the 25 year plant lifetime and the "estimate of 35 to 40-year service life"[10] The Claimants allege that this type of decision falls "squarely within

---

[8] Claimants' Response, para. 4.
[9] Claimants' Response, paras. 16-17. Claimants' Rejoinder, paras. 4-5.
[10] Claimants' Response, para. 24, *citing* Award, para. 725.

the Tribunal's discretion and decision-making authority."[11] As such, this request for rectification by the Respondent does not refer to a "clerical error" but rather amounts to a request that the Tribunal "change its methodological approach for the determination of the deduction it made to reflect its liability finding regarding the plant's lifetime," which is not an appropriate request under Article 49(2) of the ICSID Convention.[12]

20. As to the Respondent's request that the Tribunal should rectify the allocation on costs, the Claimants contend that this request must be rejected because Spain has failed to allege any clerical, arithmetic or similar error. Therefore, it does not fall under the rectification requirements of Article 49(2) of the ICSID Convention.[13]

21. For these reasons, the Claimants, in their Response and Rejoinder, request the Tribunal to:

   1. Reject Spain's Rectification Request and the Petitum in Spain's Reply, save for the correction of the clerical error totaling EUR 11 million in the compensation awarded;

   2. Award such other relief as the Tribunal considers appropriate; and

   3. Order Spain to pay all of the costs and expenses of the proceedings arising from Spain's Rectification Request, including Claimants' legal fees, the fees and expenses of the Tribunal, and ICSID's other costs.

### III.  THE TRIBUNAL'S DECISION ON RECTIFICATION

22. Article 49(2) of the ICSID Convention provides, in its relevant part, as follows:

*The Tribunal upon the request of a party made within 45 days after the date on which the award was rendered ... shall rectify any clerical, arithmetical or similar error in the award.*[14]

---

[11] Claimants' Rejoinder, para 18. *See* also Claimants' Rejoinder, paras. 19-21 *citing Adem Dogan v. Turkmenistan*, ICSID Case No. ARB/09/9 Annulment Proceeding, Decision on Annulment, 15 January 2016, para 158; *Rumeli Telekom A.S. and Telsim Mobil telekomunikasyon Hizmetleri A.S. v. Republic of Kazakhstan*, ICSID Case No. ARB/05/16 Annulment Proceeding, Decision of the *Ad Hoc* Committee, 25 March 2010, para. 147, and *Gemplus S.A., SLP S.A. and Gemplus Industrial S.A. de C.V. v. The United Mexican States*, ICSID Case No. ARB(AF)/04/3, Award, 16 June 2010, paras. 12-58.
[12] Claimants' Response, para. 25. Claimants' Rejoinder, paras. 18 and 22.
[13] *Ibid*., para. 5.
[14] Both the English and Spanish versions are similar to one another in referring more to "clerical, arithmetical or similar error" and "errores materiales, aritméticos o similares del mismo", respectively.

23. In turn, ICSID Arbitration Rule 49, which sets out the procedure to be followed for rectification of an award refers in its paragraph (1), more generally, to "any error in the award which the requesting party seeks to have rectified."

24. Both provisions clearly refer to an 'error' and to the fact that the purpose of the procedure is the 'rectification' of any such error. According to the aforementioned provisions, the rectification procedure applies to an error, such error must be "in the award," and it must be clerical, or arithmetical, "or similar."

25. Moreover, Article 49(2) of the ICSID Convention provides, on the one hand, for the powers of the Tribunal and on the other, for a limitation of such powers as regards rectification. A power because it expressly authorizes the Tribunal to rectify errors, and a limitation because the Tribunal's powers in the rectification proceedings extends only to the correction of errors that are clerical, arithmetical or similar. As correctly stated by the tribunal in *Pey Casado*, "*It follows that, as is already implicit in the notion of 'rectification,' the procedure does not encompass any alleged mistake of law by the tribunal or any factual determination or discretionary assessment by it. The procedure is not an appeal, and this in turn illuminates why Article 49 of the Convention makes the rectification of any duly established "clerical, arithmetical or similar error" into a duty of the tribunal.*"[15]

26. The Respondent places particular emphasis on what other tribunals dealing with renewable energy claims against the Kingdom of Spain did to calculate the damages and on what some such tribunals asked the experts to calculate. These are not, however, grounds for rectification. Even though the cases may have features in common, particularly as some or all of the measures issued by the Respondent were similar or even the same, a tribunal cannot ignore the differences in the facts, ignore the evidence and the manner in which the parties pleaded their case, and simply repeat what other tribunals decided or blindly follow the same methodologies of other tribunals. The Tribunal decided the dispute and calculated the damages based on the evidence on the record, the pleadings of the Parties and in exercising its discretion to determine the form of calculation and the amount of damages to be awarded. Departing from the methodologies employed by other tribunals does not qualify as a "*clerical, arithmetical or similar error in the award*" as required by the ICSID Convention, much less when the alleged departure is analysed with the benefit of hindsight.

27. The Parties do not seem to dispute the limited scope of the rectification procedure under the ICSID Convention. Even though the Respondent alleges the existence of inconsistencies in the Tribunal's findings on quantum, including that "the Tribunal has not

---

[15] *Victor Pey Casado and The Foundation "Presidente Allende" v the Republic of Chile*, ICSID Case No. ARB/98/2, Decision on Rectification of the Award, 6 October 2017, para. 49, footnotes omitted.

deducted correctly the damages caused by the measures that it has found as either lacking jurisdiction or lawful according to the ECT"[16] and alleges that tribunals in other renewable energy arbitrations against the Respondent have calculated the stand-alone effects of the measures, the Respondent concludes that it "will address all the flaws at due time and process, according to ICSID rules"[17]. This is clearly an acceptance by the Respondent of the limited scope of the powers of the Tribunal in rectification proceedings, a point that the Claimants understandably do not dispute.

28. The Respondent identifies as the object of its Request for Rectification of 24 July 2018 to "rectify as soon as possible a very specific and obvious clerical error in the *Antin* Award compensation determination, which has a huge impact both in absolute and proportionate terms."[18] According to the Respondent the "key issue here is that the Tribunal made a clerical error when reading Brattle´s reports and copy-pasting their calculations into the *Antin* Award."

29. The Tribunal therefore needs to determine whether that which the Respondent seeks to be rectified is a clerical error according to the ICSID Convention and "a very specific and obvious" clerical error, as pleaded by the Respondent.

30. The Respondent considers that that the Tribunal confused the but-for value in Table 14 of Appendix A of the Brattle Quantum Report II with the value of the damages claimed and characterizes such alleged error as a clerical error. According to the Respondent, EUR 148 million is not the amount of the claim of the Claimants, it is rather the but-for value for an asset lifetime of 25 years as indicated in the said table.

31. The Tribunal disagrees. Even though there is an error, as will be analysed hereunder, it is not a clerical error confusing the but-for value with damages as claimed by the Respondent. The amount of EUR 148 million is the amount of the total claim of the Claimants for historic and future lost cash flows, as indicated elsewhere in the Award.[19] What the Respondent attempts to do is to recharacterize the origin and nature of the clerical error in order to revisit the debate on damages, which is not the purpose of the rectification proceedings. The Respondent's characterization of the clerical error requires the incorrect assumption that the Tribunal considered the figure of EUR 148 million contained in a particular Table provided by the Brattle Group as the only source for determining the total amount claimed by the Claimants.

---

[16] Respondent's Reply, para. 4.
[17] Respondent's Reply, para. 5.
[18] Respondent's Reply, para. 6.
[19] Award, paras. 437, 586, 640, 725.

32. The Tribunal finds that there is indeed an error in paragraph 725 of the Award that must be rectified, but is not, as the Respondent claims, the result of a confusion between the but-for value and damages. The said paragraph provides that "*the value of the future cash flows presented by Claimants is EUR 148 million*". This error is both an error in the citation on the relevant figure and an arithmetical error resulting from the incorrect citation of such relevant figure. The amount of EUR 148 million, as mentioned elsewhere in the Award, is not the amount of future cash flows presented by the Claimants, but rather the total amount of the claim for damages presented by the Claimants, which amount includes both historical and future cash flows.[20] The Tribunal determined the amount of historical cash flows to be EUR 11 million[21] and found that the Claimants were not entitled to such historical cash flows[22]. Therefore, the correct amount of future cash flows to be mentioned in paragraph 725 of the Award should be the difference between the total amount claimed (EUR 148 million) less the historical cash flows (EUR 11 million), i.e., EUR 137 million. Consequently, the amount of EUR 36 million referred to in paragraph 725 must be deducted from the amount of EUR 137 million (not 148 million) for a total amount of EUR 101 million as opposed to EUR 112 million.

33. The foregoing rectification, of course, reduces the amount of compensation in paragraph 748.(c). The Award will be corrected accordingly.

34. The Respondent also claims that there is a clerical error consisting of a typographical error in paragraph 725 of the Award regarding the estimate of the 35 to 40-year service of the plants. The Respondent considers that the Tribunal made a copy-paste clerical error in the reference to the Table prepared by the Brattle Group, cited in footnote 991 of the Award.

35. However, the Respondent, rather than indicating which is the error that it considers to be the "obvious" clerical error, then proceeds to criticize the methodology of the calculation of damages by the Tribunal in paragraph 725 and to characterize the citation of Table 14 of Brattle Quantum Report II in footnote 991 as the only source for the, in the Respondent's view, incorrect analysis of the amount of damages in connection with the lifetime of the plants. The Respondent's reading of the Award assumes that citing Table 14 of Brattle Quantum Report II means that the Tribunal's only option was to select one of the numbers contained in that table.

36. The Tribunal has discretion in determining the proper methodology and reaching its own conclusions on the lifetime of the plants and the amounts resulting therefrom. Nothing prevents tribunals from adopting their own calculations based on the valuations presented

---

[20] Award, paras. 437, 586, 640, 725.
[21] Award, para. 584.
[22] Award, para. 667.

by the parties. The Tribunal, based on the evidence in the record and the reports of the experts, made its own estimation of the difference in value between the possible lifetime scenarios. The Tribunal did not, as implied by the Respondent, simply select a number from Table 14 of Brattle Quantum Report II. It was under no obligation to do so and it did not do so. The Tribunal, in the exercise of its discretion and based on its own calculation of the difference between the plant with a 35 to 40-year lifetime and a 25-year lifetime arrived at what the Tribunal considers to be the fair measure of the Claimants' damages.

37. There is no typographical or copy paste error in paragraph 725. It is the Tribunal's own calculation of the lifetime based on the evidence in the record and not simply the picking of a number from Table 14 of Brattle Quantum Report II. What the Respondent now expresses is a disagreement with the findings of the Tribunal. The Respondent may disagree with the methodology of the Tribunal or the conclusions in paragraph 725, but such disagreement does not give rise to rectification under the ICSID Convention. Article 49(2) does not allow the Respondent to seek a recalculation of the damages award based on its disagreement with the Tribunal's exercise of its discretion. The Tribunal therefore rejects the Respondent's request for rectification as regards the estimation of damages related to the lifetime of the plants in paragraph 725 of the Award.

38. Based on the above conclusions, the Tribunal finds no reason to modify paragraph 640 of the Award as requested by the Respondent.

39. With respect to the request for adjustment on costs, the Tribunal finds no reason for such adjustment. On the one hand, the Respondent has not identified a clerical, arithmetical or similar error in the calculation of costs that merits rectification under the strict standards of Article 49(2). On the other, even if there was a clerical error with the scope proposed by the Respondent, it has failed to identify why a clerical error in the amount of damages would automatically give rise to an adjustment in costs, and if so, how the costs should be readjusted considering the reasons that the Tribunal provided for assessing the costs in the Award.

40. The Tribunal, based on the above reasoning, therefore decides as follows:

(a) To rectify Paragraph 725 of the Award which shall read:

"725. The value of the future cash flows of Claimants is EUR 137 million to which the Tribunal must deduct the amount of EUR 36 million corresponding to the difference between the estimate of 35 to 40-year service of the plants, which the Tribunal considered unsupported, and the 25-year lifetime that the Tribunal considered acceptable.[991] This results in a balance of EUR 101 million that the Tribunal finds to be a fair measure of the Claimants' damages. Therefore, the Claimants are entitled to an award of compensation in the amount of EUR 101 million.

[991] Brattle Quantum Report II, XII, Appendix A, Table 14".

(b) To rectify paragraph 748.(c) of the Award, which shall read:

"(c) On account of the Respondent's breach of the ECT, the Claimants are awarded, and the Respondent shall pay, EUR 101 million as compensation".

(c) To reject all other requests for rectification.

(d) To reject the adjustments on costs in the Award requested by the Respondent.

(e) Each Party shall bear its own legal representation costs and expenses related to this rectification proceeding. Each Party shall bear 50% of the costs of the rectification proceeding (i.e. the fees and expenses of the Tribunal, ICSID's administrative fees and direct expenses) as determined by ICSID's final financial statement.

_____
Mr. J. Christopher Thomas QC
Arbitrator

Date: **15 JANUARY 2019**

_____
Mr. Klaus Reichert
Arbitrator

Date: **9 JANUARY 2019**

_____
Dr. Eduardo Zuleta
President of the Tribunal

Date: **16 JANUARY 2019**

10

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 1, 2019, I caused the foregoing Notice of Supplemental Authority in Support of Petitioners' Response to Spain's Motion to Dismiss and Reply in Support of Petition to Enforce Arbitral Award to be filed with the Clerk for the U.S. District Court for the District of Columbia through the ECF system.  Participants in the case who are registered ECF users will be served through the ECF system, as identified by the Notice of Electronic Filing.

   /s/ Stuart F. Delery
Stuart F. Delery
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
(202) 955-8500
sdelery@gibsondunn.com