**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|   |   |
|---|---|
| INFRASTRUCTURE SERVICES LUXEMBOURG S.A.R.L. and ENERGIA TERMOSOLAR B.V.,<br><br>         Petitioners,<br><br>v.<br><br>THE KINGDOM OF SPAIN,<br><br>         Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 1:18-cv-1753 (EGS)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**RESPONDENT THE KINGDOM OF SPAIN'S RESPONSE TO PETITIONERS'
MOTION FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF IN RESPONSE TO THE
<u>EUROPEAN UNION'S *AMICUS* BRIEF</u>**

Respondent the Kingdom of Spain ("Spain") hereby responds to Petitioners' motion for leave to submit a supplemental brief in response to the *amicus* brief sought to be filed by the European Commission on behalf of the European Union ("EU"). D.E. 32. The EU's *amicus* brief pertains to Spain's pending motion to dismiss. *See* D.E. 31-1. As Petitioners have informed the Court, Spain does not oppose Petitioners' request to file a supplemental brief responding to the EU's *amicus* brief, provided that Spain, the moving party, has an opportunity to reply to Petitioners' supplemental brief. *See id*. at 1. Basic procedural fairness dictates that Spain be afforded the opportunity to address legal arguments by Petitioners that have not previously been presented in this litigation.

Petitioners argue that they should be permitted to submit a supplemental brief primarily because the EU's proposed brief "raises new arguments not raised by Spain," *id.* at 2, and "introduces a number of new authorities," including "at least eleven European Court of Justice cases," *id*. at 3. The EU's proposed brief expresses the long-held position of EU institutions that

no valid arbitration agreement can exist between an EU Member State and a national of another Member State under Article 26 of the Energy Charter Treaty.  Assuming *arguendo*, however, that the EU's arguments are indeed "new," and that a response by Petitioners is warranted, it follows that Spain, which filed the underlying motion to dismiss, should be permitted to reply to Petitioners' response.

Although they wish to respond to the EU's *amicus* brief, Petitioners seek to prevent Spain from replying, so that Petitioners will have the last word on Spain's motion to dismiss.  They suggest that because Spain, as movant, presented a reply to Petitioners' opposition – and therefore more aggregate pages of argumentation than Petitioners (60 to their 45) – it would be unfair for Spain to submit additional briefing at this stage. *Id*. at 4-5.  In other words, Petitioners aim to even the score of ink on paper – adding another fifteen pages to their side of the ledger, *id*. at 5.

That argument is not persuasive. As the moving party, Spain was permitted to reply to Petitioners' opposition, and did so in compliance with this Court's rules.  The comparative volume of the parties' prior briefing is irrelevant to the issues at hand – whether Petitioners should be permitted to respond to the EU's *amicus* brief, and whether Spain should be permitted to reply to that response.  Not permitting Spain the opportunity to reply to new arguments put forward by Petitioners would put Spain at an unfair procedural disadvantage.  Spain – like any other party seeking dismissal of a litigation – should be permitted to reply to arguments made in opposition to its dispositive motion.[1]

---

[1] There is no merit to Petitioners' suggestion that Spain should be deprived of the opportunity to reply because Spain is a member of the EU, and thereby should be deemed to have co-authored the EU's *amicus* brief with 27 other countries.  *See id.* at 4; D.E. 31-1 at 1.

Petitioners raise possible delay in enforcement of the award as an additional reason that Spain should be denied an opportunity to reply to their proposed supplemental brief. *Id.* at 5. This is another makeweight. To begin with, enforcement is by no means a foregone conclusion; it is being vigorously opposed, as evidenced by Spain's pending motion to dismiss, which the EU supports. Moreover, the additional time for a response from Spain would be minimal in the context of this case. Petitioner waited nearly six weeks after the award was issued on June 15, 2018 to file the Petition, D.E. 1 (July 27, 2018), and then waited more than two more months before attempting to serve Spain, *see* D.E. 8 (Oct. 9, 2018). Petitioners were also content in October with a briefing schedule that concluded in February, D.E. 14, when the Local Rules, LCvR 7.1, contemplate completing the motion to dismiss briefing in three weeks. Lastly, by seeking time to respond to the EU's *amicus* brief, Petitioners are themselves creating delay in the proceedings on Spain's motion to dismiss. Two more weeks for Spain to reply to Petitioners' supplemental brief could not seriously be said to cause them any unfair prejudice.

## CONCLUSION

WHEREFORE, Spain respectfully requests that the Court grant Petitioners' motion only on the condition that Spain be permitted to file a reply brief responding to Petitioners' supplemental brief.

Dated: April 10, 2019				Respectfully submitted,

						KINGDOM OF SPAIN

						By its attorneys,
						/s/ Derek C. Smith
						Derek C. Smith (D.C. Bar No. 468674)
						dcsmith@foleyhoag.com
						Lawrence H. Martin (D.C. Bar No. 476639)
						lhm@foleyhoag.com
						Nicholas M. Renzler (D.C. Bar No. 983359)
						nrenzler@foleyhoag.com
						Diana Tsutieva (D.C. Bar No. 1007818)
						dtsutieva@foleyhoag.com
						FOLEY HOAG LLP
						1717 K Street, NW
						Washington, DC 20006-5350
						Tel:  202-223-1200
						Fax: 202-785-6687

						Andrew Z. Schwartz (D.D.C. Bar No. MA0017)
						aschwartz@foleyhoag.com
						Andrew B. Loewenstein (D.D.C. Bar No. MA0018)
						aloewenstein@foleyhoag.com
						FOLEY HOAG LLP
						Seaport West
						155 Seaport Boulevard
						Boston, MA 02210-2600
						Tel:  617-832-1000
						Fax: 617-832-7000

						*Attorneys for Respondent*

## **CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on April 10, 2019.

/s/ *Derek C. Smith*
Derek C. Smith