IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Infrastructure Services Luxembourg S.A.R.L. and Energia Termosolar B.V., <br><br> *Petitioners*, <br><br> v. <br><br> Kingdom of Spain, <br><br> *Respondent*. | Civil Action No. 1:18-cv-01753-EGS |

**Response To Spain's Notice Of Supplemental Authority**

Petitioners Infrastructure Services Luxembourg S.A.R.L. and Energia Termosolar B.V. (collectively, "Petitioners") write in response to the Notice of Supplemental Authority filed by the Kingdom of Spain ("Spain") on February 14, 2022. *See* ECF No. 53.

Spain's latest Notice of Supplemental Authority is yet another attempt to inject complex and irrelevant issues of European Union ("EU") law into this litigation to distract the Court from its straightforward obligation to enforce Petitioners' final and binding ICSID arbitration award ("Award") against Spain. ECF No. 1-1, Ex. A. The Award, which was rendered almost four years ago and for which Spain has now exhausted all available post-award remedies under the ICSID Convention, *see* ECF No. 46, is "final", "binding," and not "subject to any appeal or to any other remedy." ECF No. 1-2, arts. 53, 54; MTD Opp. 21. The United States is treaty-bound to enforce the Award, and the statute implementing the United States' obligation requires this Court to give the Award "the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States," 22 U.S.C. § 1650a(a), without "permitt[ing] [Spain] to make substantive challenges to the award," *Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela*, 863 F.3d 96, 118 (2d Cir. 2017). *See* MTD Opp. 8-10. There is accordingly no room

in this matter for the consideration of EU law issues. Neither of the EU law authorities that Spain introduces with its Notice of Supplemental Authority have any bearing on this Court's duty to enforce the Award as a matter of *U.S. law*, and are thus utterly irrelevant.

1. ***Republic of Poland v. PL Holdings Sàrl***, C.J.E.U. Case C-109/20, 2021, **ECLI:EU:C:2021:875, ECF No. 53-1**: Spain invokes this decision by the Court of Justice of the European Union ("CJEU") in support of its attempt to collaterally attack the Award by arguing that its consent to arbitration, expressed in Article 26(2) and (3)(a) of the Energy Charter Treaty ("ECT"), ECF No. 1-3, is invalid under EU law. *See* ECF No. 53, at 2. But the decision says nothing relevant about EU law that was not already stated in *Komstroy LLC v. Republic of Moldova*, C.J.E.U. Case C-741/19, 2021, ECLI:EU:C:2021:655, ECF No. 47-1. Petitioners have already explained why *Komstroy* is irrelevant, ECF No. 48, at 1-4, and those arguments apply equally to *PL Holdings*.

*PL Holdings* is the latest in a series of decisions, including *Slovak Republic v. Achmea BV*, ECLI:EU:C:2018:158 (Mar. 6, 2018), ECF No. 19-2, and *Komstroy*, addressing the compatibility of intra-EU arbitration agreements with EU law in three distinct contexts: (1) bilateral investment treaty (*Achmea*); (2) the ECT (*Komstroy*); and (3) "an *ad hoc* arbitration agreement [between an EU Member State and] an investor from another EU Member State on the basis of national legislation" (*PL Holdings*, ECF No. 53, at 1-2). Because this case involves the ECT—not ad hoc arbitration agreement, *PL Holdings* adds nothing to the analysis.

Instead, the only question before this Court is whether the CJEU's rulings on intra-EU arbitration could have any impact on the validity of Spain's consent to arbitrate or this Court's subject-matter jurisdiction. ECF No. 48, at 1-4. As Petitioners have explained, at length and repeatedly, the answer to that question is no, for at least three reasons: (1) The arbitral tribunal that issued Petitioners' award has already determined that Spain lawfully consented to arbitration,

and under the ICSID Convention, its implementing legislation, and established principles of full faith and credit and deference to arbitrators, that determination is binding on this Court. *Id.* at 2-3; MTD Opp. 16-22. Spain challenged the tribunal's ruling before a separate ICSID annulment committee, which likewise rejected Spain's arguments and upheld the Award in full, including its finding that Spain had lawfully consented to arbitration under the ECT and ICSID Convention. ECF No. 46-1, ¶¶ 153-160, 235-239. (2) Spain's consent to arbitration is governed by international law, not EU law, and international law does not permit the CJEU to unilaterally (and after the fact) invalidate its members' prior treaty commitments under the ECT, a multilateral treaty not limited to EU members. ECF No. 48, at 3; MTD Opp. 28-35. And (3) whichever law controls, the validity of Spain's consent to arbitration is irrelevant to this Court's subject-matter jurisdiction because Spain waived any immunity to jurisdiction in U.S. court when it signed the ICSID Convention and agreed that ICSID awards would be enforceable in all member states. ECF No. 48, at 3; MTD Opp. 11-15. Because *PL Holdings* says nothing responsive to any of these three points—and merely expands *Komstroy*'s EU-law holdings to a type of arbitration agreement not at issue in this case—it is not remotely relevant as supplemental authority.

2. ***European Commission v. European Food SA*, C.J.E.U. Case C-638/19 P, 2022, ECLIEU:C:2022:50, ECF No. 53-2**: *European Food*—which addressed EU state aid law—is inapposite for the same reasons as *PL Holdings*: The arbitral tribunal already rejected Spain's EU state aid-law arguments, MTD Opp. 36-38, and EU law (including EU state aid law) has no bearing on either the arbitral tribunal's jurisdiction, *id.*, or this Court's authority or obligation to enforce Petitioners' award, *id.* at 36-40. Crucially, EU state aid law has no impact on Spain's consent to arbitrate the dispute (nor does Spain claim as much) and thus cannot serve as grounds to deny the Award full faith and credit under Section 1650a, which expressly denies Spain any in-court defenses.

3

In any event, *European Food* does not even advance the propositions for which Spain invokes it. Spain claims that under EU law, the Award here is "state aid" and that because only the European Commission can adopt decisions on "state aid," the arbitral tribunal was prohibited from making an award granting state aid. ECF No. 53, 2. But *European Food* says nothing about whether the arbitral award in that case—much less here—was state aid. The question the CJEU addressed was whether the European Commission was competent to determine if the arbitral award at issue in that case was state aid, which the CJEU merely affirmed and then remanded the case back to the lower court for a further determination on whether the European Commission's finding that the award was state aid otherwise complies with EU law. ECF No. 53-2, ¶¶ 108, 127. The CJEU expressly refrained from making any findings on whether the arbitration award at issue in that case was state aid, noting instead that "the question whether the compensation granted by [the arbitration] award may constitute 'State aid' . . . is not the subject matter of the present appeal and is therefore outside the Court's jurisdiction in this context." *Id*., ¶ 131; *see also id.* ¶¶ 80, 130, 133.

Petitioners have explained why the Award here is *not* state aid, ECF No. 19, at 40-42. Even if the European Commission decides otherwise, this Court is "not bound to accord conclusive effect to [a] foreign government's statements" interpreting its own laws. *Animal Sci. Prods., Inc. v. Hebei Welcome Pharm. Co.*, 138 S. Ct. 1865, 1869 (2018). In any event, the Commission's decision would also be reviewable by the CJEU—just as EU courts are reviewing the Commission's state aid determination in *European Food*—which has already established that state aid is "fundamentally different . . . from damages" ordered by "competent national authorities" as "compensation" for injuries caused by the state. Joined Cases 106-120/87, *Asteris v. Greece*, 1988 E.C.R. 5531, ¶ 23. *European Food* left this precedent untouched. ECF No. 53-2, ¶ 131.

But even if the Award here was considered state aid under EU law, Petitioners have explained at length that such a conclusion would not affect this case because it would not provide a basis for denying full faith and credit to the award, ECF No. 19, at 36-38, or invoking the foreign sovereign compulsion doctrine, *id.* at 38-40.  Like the rulings in *Achmea*, *Komstroy*, and *PL Holdings* any Commission or EU court decision about whether the Award is state aid would be limited to principles of EU law with no bearing on the tribunal's authority under international law, or this Court's power and duty to enforce the award here.  *European Food* is therefore irrelevant to this case.

Dated: February 23, 2022                                   Respectfully submitted,

/s/ Matthew McGill
Matthew McGill, D.C. Bar #481430
mmcgill@gibsondunn.com
Matthew S. Rozen, D.C. Bar #1023209
mrozen@gibsondunn.com
Ankita Ritwik, D.C. Bar #1024801
aritwik@gibsondunn.com
GIBSON, DUNN & CRUTCHER, LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone:  202.955.8500
Facsimile:  202.467.0539

*Attorneys for Infrastructure Services Luxembourg S.A.R.L. and Energia Termosolar B.V.*

## CERTIFICATE OF SERVICE

I hereby certify that, on February 23, 2022, I caused the foregoing Response to Spain's Notice of Supplemental Authority to be filed with the Clerk for the U.S. District Court for the District of Columbia through the ECF system. Participants in the case who are registered ECF users will be served through the ECF system, as identified by the Notice of Electronic Filing.

  /s/ Matthew McGill
Matthew McGill
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 955-8500
mmcgill@gibsondunn.com