**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

———————————————————————
                                              )
INFRASTRUCTURE SERVICES                       )
LUXEMBOURG S.A.R.L. and                       )
ENERGIA TERMOSOLAR B.V.                        )
                                              )
                       Petitioners,           )
                                              )
            v.                                )     Civil Action No. 1:18-cv-1753 (EGS)
                                              )
THE KINGDOM OF SPAIN,                         )
                                              )
                       Respondent.            )
                                              )
———————————————————————

<u>**RESPONSE OF THE KINGDOM OF SPAIN TO**</u>
<u>**PETITIONERS' NOTICE OF SUPPLEMENTAL AUTHORITY (D.E. 55)**</u>

The Kingdom of Spain ("Spain") hereby responds to the Notice of Supplemental Authority submitted by Petitioners Infrastructure Services Luxembourg S.A.R.L. and Energia Termosolar B.V. (D.E. 55).  For the reasons explained below, *Tethyan Copper Co. Pty v. Islamic Republic of Pak.*, No. 1:19-cv-02424 (TNM), 2022 U.S. Dist. LEXIS 42846, at *21 (D.D.C. Mar. 10, 2022), provides Petitioners with no assistance, either with respect to their attempt to establish jurisdiction under the arbitration exception of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1605(a)(6), or in trying to show that the underlying arbitral award is entitled to full faith and credit.

The Supreme Court distinguishes between disputes concerning arbitrability, "that is, whether the[] arbitration agreement applies to the particular dispute," *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 527 (2019), and disputes concerning "whether a valid arbitration agreement exists."  *Id*. at 530.  While arbitrability disputes may be delegated to arbitrators in circumstances where the parties' delegation is clearly and unmistakably expressed, *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68-69 (2010), disputes concerning the existence of

an arbitration agreement must be determined by a court. *Henry Schein*, 139 S. Ct. at 530. This is because, where there is "an issue of formation, the court cannot be sure that the party resisting arbitration ever viewed the arbitrator as competent to resolve any dispute." *Id*. at 762. Thus, as the D.C. Circuit recently reaffirmed, "the threshold question 'whether a valid arbitration agreement exists'" is "necessarily for 'the court [to] determine[].'" *Dist. No. 1, Pac. Coast Dist., Marine Eng'rs Beneficial Ass'n, AFL-CIO v. Liberty Mar. Corp.*, 998 F.3d 449, 457 (D.C. Cir. 2021) (quoting *Henry Schein* 139 S. Ct. at 530) (alterations in original); *see also Nat'l R. Passenger Corp. v. Bos. & Me. Corp.*, 850 F.2d 756, 761 (D.C. Cir. 1988) (predicate question concerning the existence of an arbitration agreement "must always be decided by the courts").

The distinction between arbitrability and the existence of a valid arbitration agreement, which Spain has stressed, D.E. 25 at 21-22, D.E. 52 at 2-3, forecloses Petitioners' reliance on *Tethyan Copper*, as that case simply applies the rule that a party may not challenge jurisdiction under the FSIA on the basis of *arbitrability*. 2022 U.S. Dist. LEXIS 42846, at *21 (holding "arbitrability does not affect the Court's jurisdiction" under the FSIA) (citing *LLC SPC Stileks v. Republic of Moldova*, 985 F.3d 871, 878 (D.C. Cir. 2021)). The present action, however, does not concern arbitrability. Instead, Spain has shown that the arbitration clause in Article 26(2)(c) of the Energy Charter Treaty is invalid as a matter of law as between Member States of the European Union, such as Spain, and investors from other EU Member States, such as Petitioners. Consequently, there is no valid arbitration agreement in this case. *See* D.E. 18-1 at 28-32; D.E. 25 at 13-18; D.E. 47.

Contrary to Petitioners' attempt to suggest otherwise, D.E. 55 at 2-3, *Tethyan Copper* does not require the Court to accept the arbitral tribunal's erroneous finding that Spain and Petitioners could enter, and indeed had entered, into an arbitration agreement under Article 26(2)(c) of the

Energy Charter Treaty, a view that was held to be incorrect by the Court of Justice of the European Union in *Republic of Moldova v. Komstroy LLC*, C.J.E.U. Case C-741/19, 2021, ECLI:EU:C:2021:655 (D.E. 47-1). *Tethyan Copper* follows the D.C. Circuit's holding in *Stileks* that the existence of an arbitration agreement as a "jurisdictional fact[] that must be established." 2022 U.S. Dist. LEXIS 42846 at *18 (quoting *Stileks*, 985 F.3d at 877). This is consistent with *Chevron Corp. v. Republic of Ecuador*, 949 F. Supp. 2d 57 (D.D.C. 2013), *aff'd* 795 F.3d 200, from which the *Tethyan Copper* court said it was "tak[ing] its cue." 2022 U.S. Dist. LEXIS 42846 at *20. There, the Court accepted the arbitral tribunal's decision on the disputed "issues of arbitrability" for purposes of applying Section 1605(a)(6) only *after* it independently "found" there was "a valid agreement to arbitrate under the [relevant treaty]." *Chevron Corp. I*, 949 F. Supp. 2d at 67.

In line with this approach, *Tethyan Copper* rejected Pakistan's challenge to the Court's subject matter jurisdiction, which turned on the arbitrability of the parties' underlying dispute, not whether there was a valid arbitration clause in the Australia-Pakistan bilateral investment treaty (the "Treaty"). 2022 U.S. Dist. LEXIS 42846, at *17-*19. Pakistan did not dispute that the Treaty's arbitration clause was valid. Instead, Pakistan argued that "it never agreed, under the Treaty's terms, to arbitrate th[e] case at ICSID" because "it never provided [the] written consent" required under the Treaty's arbitration clause for it to apply to the parties' particular dispute. *Id*. at *18-*19. The Tribunal disagreed, concluding "that Pakistan *had* given written consent to the [ICSID t]ribunal's arbitration." *Id*. at *19 (emphasis added). The Court found that, in deciding whether that requirement for the application of the Treaty's indisputably valid arbitration clause had been satisfied, "the [ICSID t]ribunal made an arbitrability conclusion that the parties had agreed to arbitrate." *Id*. It determined that, like Moldova in *Stileks*, Pakistan had agreed – by

signing the Treaty – to permit the ICSID tribunal to make an "arbitrability determination."   *Id*. at
*23-*24 (citing *Stileks*, 985 F.3d at 879).

For essentially the same reasons, the Court is not precluded from entertaining Spain's
collateral attack on the ICSID award.  Because the arbitral tribunal lacked jurisdiction to adjudicate
the dispute, its decision as to whether an arbitration agreement was formed has no *res judicata*
effect.  *See Underwriters Nat'l Assurance Co. v. N.C. Life & Accident & Health Ins. Guar. Ass'n*,
455 U.S. 691, 705 (1982) ("before a court is bound by the judgment rendered in another State, it
may inquire into the jurisdictional basis of the foreign court's decree. If that court did not have
jurisdiction over the subject matter or the relevant parties, full faith and credit need not be given.").

Finally, Petitioners are incorrect that, should the Court erroneously determine that it has
jurisdiction, they are "entitled to judgment without the need for further proceedings."  D.E. 55 at
4.  In *Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela*, the Second Circuit explained
that the proper procedure is for the award creditor to file a motion for judgment on the pleadings
or a motion for summary judgment.  863 F.3d 96, 118 (2d Cir. 2017).  That practice has been
followed in this District.  *See, e.g.*, *Koch Minerals Sàrl v. Bolivarian Republic of Venezuela*, No.
17-cv-2559-ZMF, 2021 U.S. Dist. LEXIS 155363, at *2 (D.D.C. Aug. 18, 2021); *Teco Guat.
Holdings, LLC v. Republic of Guatemala*, 414 F. Supp. 3d 94, 96 (D.D.C. 2019); *Micula v. Gov't
of Romania*, 404 F. Supp. 3d 265, 273 (D.D.C. 2019); *OI European Grp. B.V. v. Bolivarian
Republic of Venezuela*, No. 16-1533 (ABJ), 2019 U.S. Dist. LEXIS 85128, at *2 (D.D.C. May 21,
2019).  Petitioners provide no justification for departing from this practice.

Dated: April 6, 2022

Respectfully submitted,

KINGDOM OF SPAIN

By its attorneys,
/s/ Nicholas M. Renzler
Derek C. Smith (D.C. Bar No. 468674)
dcsmith@foleyhoag.com
Lawrence H. Martin (D.C. Bar No. 476639)
lhm@foleyhoag.com
Diana Tsutieva (D.C. Bar No. 1007818)
dtsutieva@foleyhoag.com
FOLEY HOAG LLP
1717 K Street, NW
Washington, DC 20006-5350
Tel:  202-223-1200

Andrew Z. Schwartz (D.D.C. Bar No. MA0017)
aschwartz@foleyhoag.com
Andrew B. Loewenstein (D.D.C. Bar No. MA0018)
aloewenstein@foleyhoag.com
FOLEY HOAG LLP
Seaport West
155 Seaport Boulevard
Boston, MA 02210-2600
Tel:  617-832-1000

Nicholas M. Renzler (D.C. Bar No. 983359)
nrenzler@foleyhoag.com
FOLEY HOAG LLP
1301 Avenue of the Americas
New York, NY 10019
Tel: 212-812-0400

*Attorneys for Respondent*

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on April 6, 2022.

/s/ *Nicholas M. Renzler*
Nicholas M. Renzler