IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Infrastructure Services Luxembourg S.A.R.L. and Energia Termosolar B.V.,<br><br>*Petitioners*,<br><br>*v.*<br><br>Kingdom of Spain,<br><br>*Respondent*. | **Civil Action No. 1:18-cv-01753-EGS** |

**Response to Spain's Notice of Supplemental Authority**

Petitioners Infrastructure Services Luxembourg S.A.R.L. and Energia Termosolar B.V. ("Petitioners") write in response to the Notice of Supplemental Authority ("Notice") the Kingdom of Spain ("Spain") filed on July 6, 2022, ECF No. 59, in support of its motion to dismiss this petition to enforce an ICSID arbitral award ("Award"), ECF No. 1. Spain's motion asserts that this Court lacks subject-matter jurisdiction under the Foreign Sovereign Immunities Act ("FSIA") because two European Union ("EU")-law decisions by the Court of Justice of the European Union ("CJEU")—*Komstroy LLC v. Republic of Moldova*, C.J.E.U. Case C-741/19 (Sept. 2, 2021), ECF No. 47-1, and *Slovak Republic v. Achmea BV*, C.J.E.U. Case C-284/16 (Mar. 6, 2018), ECF No. 19-2—purportedly invalidate Spain's consent to arbitrate so-called intra-EU disputes against investors of other EU Member States, like Petitioners. ECF No. 18-1, at 19-23, 30-31; ECF No. 47, at 1-3. In support of that argument, Spain now submits a recent arbitral decision, *Green Power Partners K/S and SCE Solar Don Benito APS v. Kingdom of Spain*, SCC Arbitration V (2016/135) (June 16, 2022), ECF No. 59-1, that purportedly accepted Spain's EU-law objections to intra-EU arbitration. But *Green Power* is an outlier, non-ICSID decision. It does nothing to disturb the overwhelming consensus among ICSID tribunals that, as a matter of international law, EU-law

decisions on intra-EU arbitration do not invalidate EU Member States' consent to arbitration under Article 26 of the Energy Charter Treaty ("ECT"). And regardless, Spain's collateral attack on the tribunal's jurisdiction is not a lawful ground for challenging jurisdiction under the FSIA or denying full faith and credit to the Award.

To date, at least 48 arbitral decisions—most involving Spain—have now considered the argument that intra-EU arbitration of ECT disputes is incompatible with EU law. *See* Appx. (collecting cases). Other than *Green Power*, every one of those decisions agreed that EU law cannot negate an EU Member State's consent to such arbitration. *Id.* *Green Power* is thus an extreme outlier. The fact that after dozens of failed attempts, Spain has finally persuaded a single tribunal to adopt its position does not strengthen Spain's position; if anything, it is the exception that proves the rule. As another ICSID annulment committee explained in affirming an intra-EU award against Spain six days before the *Green Power* decision, "it defies common sense to admit that all those adjudicators were not able to discern the arguments against jurisdiction, and even more, manifestly exceeded their powers when deciding in an unreasonable way."[1]

In the ICSID context, the consensus view remains unanimous (36 decisions). *See* Appx. Before *Komstroy*, most tribunals rejected the intra-EU objection based on international law, not EU law; thus decision on the intra-EU objection did not depend on what the CJEU might say about intra-EU arbitration under the ECT. *E.g.*, ECF No. 20 ¶ 133. And even after *Komstroy*, six tribunals and six ICSID annulment committees have rejected the view that EU law could negate EU Members' consent to intra-EU arbitration. *See* Appx. A6-A9.

*Green Power*, by contrast, did not involve ICSID arbitration—rather, it expressly distinguished ICSID cases. *Green Power* was arbitrated under the United Nations Commission on

---

[1] *InfraRed Env't Infrastructure GP Ltd. v. Kingdom of Spain*, ICSID Case No. ARB/14/12, Annulment Proceedings, Decision on Annulment ¶ 504 (June 10, 2022).

International Trade Law ("UNCITRAL") Rules and seated in Sweden, an EU Member. Unlike UNCITRAL arbitration, which is subject to judicial review in the nation where it is seated, Annulment Decision ¶ 18 n.23, *RREEF Infrastructure (G.P.) Ltd. v. Kingdom of Spain*, No. 1:19-cv-3783 (D.D.C. June 15, 2022), ECF No. 44-1, ICSID arbitration is not formally "seat[ed] [in]" or subject to judicial review in any nation, *id.* ¶ 98. *Green Power* found that distinction dispositive. It reasoned that "EU law" was "applicable" because the "seat of the arbitration" was in "an EU Member State," ECF No. 59-1 ¶ 412, and it distinguished the numerous contrary ICSID decisions because those "cases are ICSID arbitrations and, as a result, the reasoning did not take into account . . . the applicable law attracted by the selection of the seat in an EU Member State," *id.* ¶ 439.

Spain is thus plainly wrong to cast *Green Power* as an international law decision, decided "as a matter of treaty interpretation," the holding of which applies regardless of "whether the arbitration is seated in an EU Member State or conducted under the auspices of ICSID." ECF No. 59, at 2. Although the tribunal began by purporting to construe the ECT under international law—"in accordance with the rules of treaty interpretation" set forth in the Vienna Convention—the tribunal ultimately "concluded that the interpretation of the ECT *without regard for EU law* is inconclusive." ECF No. 59-1 ¶¶ 337, 415 (emphasis added). The tribunal thus took Article 26 of the ECT only "as a starting point" and applied EU law as a tiebreaker based on the seat of arbitration. *Id.* ¶¶ 413, 415. That argument for applying EU law is dubious. But more importantly, it is—as the tribunal stated—entirely inapplicable in the ICSID context: The "question of whether or not EU law applies . . . does not arise in the same manner . . . as in ICSID proceedings." *Id.* ¶ 441. Accordingly, *Green Power* offers no basis at all for applying EU law in the ICSID context.

To the extent *Green Power* could nonetheless be read as rejecting intra-EU arbitration as a matter of *international* law, that outcome would be manifestly incorrect, *see* ECF No. 19, at 22-

23, 28-35, and against the overwhelming weight of authority, *see* Appx.  As Petitioners have explained (and Spain has never contested), the plain terms of Article 26 of the ECT encompass intra-EU disputes.  ECF No. 19, at 22.  Under customary international law, the internal law of any one signatory of the ECT (which is all the EU is for this purpose) cannot override the treaty's clear import.  A state may neither "invoke the provisions of its internal law as justification for its failure to perform a treaty," nor "invoke the fact that its consent to be bound by a treaty has been expressed in violation of a provision of its internal law regarding competence to conclude treaties as invalidating its consent."  1155 U.N.T.S. 331, 8 I.L.M. 679 (Jan. 27, 1980) ("Vienna Convention"), arts. 27, 46(1).  *Green Power* does not change that analysis; it cites no principle of international law under which the EU's treaties supersede Spain's competing obligations under the ECT.

In any event, this Court need not decide whether Spain's consent to arbitration is valid because the arbitral tribunal that issued the Award has already decided that issue in Petitioners' favor, and under the ICSID Convention, its implementing legislation, and established principles of full faith and credit and deference to arbitrators, that determination is binding on this Court.  ECF No. 48, at 2-3; ECF No. 19, at 15-22.  Nor is Spain's consent relevant to this Court's jurisdiction under the FSIA.  ECF No. 19, at 10-11.  Spain waived its immunity under the FSIA—and thus subjected itself to this Court's jurisdiction under the FSIA's waiver exception—when it joined the ICSID Convention and agreed that ICSID awards would be enforceable in all member states.  *Id.* at 11-15.  And the tribunal's determination that Spain consented to arbitrate is binding on this Court for purposes of the FSIA's arbitration exception.  *Id.* at 15-21.  There is no merit to Spain's latest attempt to collaterally attack the "final," "binding" ICSID arbitration award, ICSID Convention, arts. 53, 54, that Petitioners hold against Spain.  This Court should proceed to enforce the Award as the ICSID Convention and its implementing legislation require.

Dated: August 3, 2022

Respectfully submitted,

INFRASTRUCTURE SERVICES LUXEMBOURG S.A.R.L. AND ENERGIA TERMOSOLAR B.V.

By its attorneys,

/s/*Matthew McGill*
Matthew McGill (D.C. Bar #481430)
mmcgill@gibsondunn.com
Matthew S. Rozen, D.C. Bar #1023209
mrozen@gibsondunn.com
Ankita Ritwik, D.C. Bar #1024801
aritwik@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Infrastructure Services Luxembourg S.A.R.L. and Energia Termosolar B.V.*

# APPENDIX

## Table of Arbitral Tribunals and ICSID Annulment Committees That Have Dismissed the Intra-EU Objection Argument

*Decisions from ICSID tribunals are shaded beige.*

## I. Arbitral Tribunals

| No. | Decision | Date | Link |
|---|---|---|---|
| **Pre-*Komstroy*** | | | |
| 1. | *Electrabel S.A. v. Republic of Hungary*, ICSID Case No. ARB/07/19, Decision on Jurisdiction, Applicable Law and Liability | November 30, 2012 | https://www.italaw.com/sites/default/files/case-documents/italaw1071clean.pdf |
| 2. | *PV Investors v. Kingdom of Spain*, PCA Case No. 2012-14, Preliminary Award on Jurisdiction; *see also PV Investors v. Kingdom of Spain*, PCA Case No. 2012-14, Final Award (February 28, 2020) | October 13, 2014 | https://pcacases.com/web/sendAttach/9368 |
| 3. | *EDF International S.A. v. Republic of Hungary*, UNCITRAL, Award | December 4, 2014 | (not public) |
| 4. | *Charanne B.V. and Construction Investments S.A.R.L. v. Kingdom of Spain*, SCC Case No. 062/2012, Final Award | January 21, 2016 | https://www.italaw.com/sites/default/files/case-documents/italaw7162.pdf |

| No. | Decision | Date | Link |
|---|---|---|---|
| 5. | *RREEF Infrastructure (G.P.) Limited and RREEF Pan-European Infrastructure Two Lux S.à r.l. v. Kingdom of Spain*, ICSID Case No. ARB/13/30, Decision on Jurisdiction; *see also RREEF Infrastructure (G.P.) Limited and RREEF Pan European Infrastructure Two Lux S.à r.l. v. Kingdom of Spain*, ICSID Case No. ARB/13/30, Decision on Responsibility and on the Principles of Quantum (November 30, 2018) | June 6, 2016 | https://www.italaw.com/sites/default/files/case-documents/italaw7429.pdf |
| 6. | *Isolux Infrastructure Netherlands, B.V. v. Kingdom of Spain*, SCC V2013/153, Final Award and Dissenting Opinion | July 12, 2016 | https://www.energychartertreaty.org/fileadmin/DocumentsMedia/Cases/49_Isolux/Isolux_v._Spain_-_award_dis._opinion_unofficial_translationEN.pdf |
| 7. | *Blusun S.A., Jean-Pierre Lecorcier and Michael Stein v. Italian Republic*, ICSID Case No. ARB/14/3, Final Award | December 27, 2016 | https://www.italaw.com/sites/default/files/case-documents/italaw8967.pdf |
| 8. | *Novenergia II - Energy & Environment (SCA) (Grand Duchy of Luxembourg), SICAR v. Kingdom of Spain*, SCC Case No. 2015/063, Final Award[2] | February 15, 2018 | https://www.italaw.com/sites/default/files/case-documents/italaw9715.pdf |
| 9. | *Masdar Solar & Wind Cooperatief U.A. v. Kingdom of Spain*, ICSID Case No. ARB/14/1, Final Award | May 16, 2018 | https://www.energychartertreaty.org/fileadmin/DocumentsMedia/Cases/54_Masdar_Solar/Award.pdf |
| 10. | *Infrastructure Services Luxembourg S.à.r.l. and Energia Termosolar B.V. (formerly Antin Infrastructure Services Luxembourg S.à.r.l. and Antin Energia Termosolar B.V.) v. Kingdom of Spain*, ICSID Case No. ARB/13/31, Award | June 15, 2018 | https://www.italaw.com/sites/default/files/case-documents/italaw9875.pdf |

[2] In the Swedish set-aside proceedings relating to this award, the Svea Court of Appeal has twice rejected Spain's request that certain questions relating to the compatibility of intra-EU ECT arbitration with EU law should be submitted to the CJEU for a preliminary ruling. *See Kingdom of Spain v. Novenergia II Energy and Environment* (Svea Court of Appeal), Case No. T 4658-18, Decision (May 27, 2020); *Kingdom of Spain v. Novenergia II Energy and Environment* (Svea Court of Appeal), Case No. T 4658-18, Decision, (April 25, 2019).

| No. | Decision | Date | Link |
|---|---|---|---|
| 11. | *Vattenfall AB and others v. Federal Republic of Germany*, ICSID Case No. ARB/12/12, Decision on the *Achmea* Issue | August 31, 2018 | https://www.italaw.com/sites/default/files/case-documents/italaw9916.pdf |
| 12. | *Foresight Luxembourg Solar 1 S.À.R.L., Foresight Luxembourg Solar 2 S.À.R.L., Greentech Energy Systems A/S, GWM Renewable Energy I S.P.A., GWM Renewable Energy II S.P.A. v. Kingdom of Spain*, SCC Arbitration V (2015/150), Final Award and Partial Dissenting Opinion of Arbitrator Raül Vinuesa[3] | November 14, 2018 | https://www.italaw.com/sites/default/files/case-documents/italaw10142.pdf |
| 13. | *Greentech Energy Systems A/S (now Athena Investments A/S), NovEnergia II Energy & Environment (SCA) SICAR and NovEnergia II Italian Portfolio SA v. Italian Republic*, SCC Case No. V (2015/095), Final Award[4] | December 23, 2018 | https://www.italaw.com/sites/default/files/case-documents/italaw10291.pdf |
| 14. | *CEF Energia B.V. v. Italian Republic*, SCC Case No. V2015/158, Award | January 16, 2019 | https://www.italaw.com/sites/default/files/case-documents/italaw10557_0.pdf |
| 15. | *Cube Infrastructure Fund SICAV and others v. Kingdom of Spain*, ICSID Case No. ARB/15/20, Decision on Jurisdiction, Liability, and Partial Decision on Quantum | February 19, 2019 | https://www.italaw.com/sites/default/files/case-documents/italaw10692.pdf |

[3] In the Swedish set-aside proceedings relating to this award, the Svea Court of Appeal recently rejected Spain's request that certain questions relating to the compatibility of intra-EU ECT arbitration with EU law should be submitted to the CJEU for a preliminary ruling. *See Kingdom of Spain v. Foresight Luxembourg Solar 1 S.à r.l. et al* (Svea Court of Appeal), Case No. T 1626-19, Decision, (October 26, 2020).

[4] In the Swedish set-aside proceedings relating to this award, the Svea Court of Appeal initially granted Italy's request that certain questions relating to the compatibility of intra-EU ECT arbitration with EU law should be submitted to the CJEU for a preliminary ruling. However, in a November 24, 2021 decision, the Svea Court of Appeal acknowledged that, in light of the CJEU's *Komstroy* and *PL Holding* judgments, there was no need to maintain its request for a preliminary ruling. Accordingly, the court decided to withdraw its request for a preliminary ruling.

| No. | Decision | Date | Link |
|---|---|---|---|
| 16. | *Landesbank Baden-Württemberg and others v. Kingdom of Spain*, ICSID Case No. ARB/15/45, Decision on Objection to Jurisdiction | February 25, 2019 | https://www.italaw.com/sites/default/files/case-documents/italaw10834.pdf |
| 17. | *NextEra Energy Global Holdings B.V. and NextEra Energy Spain Holdings B.V. v. Kingdom of Spain*, ICSID Case No. ARB/14/11, Decision on Jurisdiction, Liability and Quantum Principles | March 12, 2019 | https://www.italaw.com/sites/default/files/case-documents/italaw10569.pdf |
| 18. | *Eskosol S.p.A. in liquidazione v. Italian Republic*, ICSID Case No. ARB/15/50, Decision on Termination Request and Intra-EU Objection | May 7, 2019 | https://www.italaw.com/sites/default/files/case-documents/italaw10512.pdf |
| 19. | *9REN Holding S.a.r.l v. Kingdom of Spain*, ICSID Case No. ARB/15/15, Award | May 31, 2019 | https://www.italaw.com/sites/default/files/case-documents/italaw10565.pdf |
| 20. | *Rockhopper Italia S.p.A., Rockhopper Mediterranean Ltd and Rockhopper Exploration Plc v. Italian Republic*, ICSID Case No. ARB/17/14, Decision on the Intra-EU Jurisdictional Objection | June 26, 2019 | https://www.italaw.com/sites/default/files/case-documents/italaw10646_0.pdf |
| 21. | *SolEs Badajoz GmbH v. Kingdom of Spain*, ICSID Case No. ARB/15/38, Award | July 31, 2019 | https://www.italaw.com/sites/default/files/case-documents/italaw10836.pdf |
| 22. | *InfraRed Environmental Infrastructure GP Ltd. et al. v. Kingdom of Spain*, ICSID Case No. ARB/14/12, Award | August 2, 2019 | https://www.italaw.com/sites/default/files/case-documents/italaw11360.pdf |
| 23. | *Belenergia S.A. v. Italian Republic*, ICSID Case No. ARB/15/40, Award | August 6, 2019 | https://www.italaw.com/sites/default/files/case-documents/italaw10759.pdf |
| 24. | *OperaFund Eco-Invest SICAV PLC and Schwab Holding AG v. Kingdom of Spain*, ICSID Case No. ARB/15/36, Award | September 6, 2019 | http://icsidfiles.worldbank.org/icsid/icsidblobs/OnlineAwards/C4806/DS12832_En.pdf |

| No. | Decision | Date | Link |
|---|---|---|---|
| 25. | *BayWa r.e. Renewable Energy GmbH and Baywa r.e. Asset Holding GmbH v. Kingdom of Spain*, ICSID Case No. ARB/15/16, Decision on Jurisdiction, Liability and Directions on Quantum | December 2, 2019 | https://www.italaw.com/sites/default/files/case-documents/italaw15000.pdf |
| 26. | *Stadtwerke München GmbH and others v. Kingdom of Spain*, ICSID Case No. ARB/15/1, Award | December 2, 2019 | https://www.italaw.com/sites/default/files/case-documents/italaw11056.pdf |
| 27. | *RWE Innogy GmbH and RWE Innogy Aersa S.A.U. v. Kingdom of Spain*, ICSID Case No. ARB/14/34, Decision on Jurisdiction, Liability, and Certain Issues of Quantum | December 30, 2019 | https://www.italaw.com/sites/default/files/case-documents/italaw11004.pdf |
| 28. | *Watkins Holdings S.à r.l. and others v. Kingdom of Spain*, ICSID Case No. ARB/15/44, Award | January 21, 2020 | https://www.italaw.com/sites/default/files/case-documents/italaw11234_0.pdf |
| 29. | *Hydro Energy 1 S.à r.l. and Hydroxana Sweden AB v. Kingdom of Spain*, ICSID Case No. ARB/15/42, Decision on Jurisdiction, Liability and Directions on Quantum | March 9, 2020 | https://www.italaw.com/sites/default/files/case-documents/italaw11282.pdf |
| 30. | *SunReserve Luxco Holdings S.À.R.L. et al. v. Italian Republic*, SCC Arbitration V (2016/32), Final Award | March 25, 2020 | https://www.italaw.com/sites/default/files/case-documents/italaw11475.pdf |
| 31. | *Portigon AG v. Kingdom of Spain*, ICSID Case No. ARB/17/15, Decision on Jurisdiction | August 20, 2020 | (not public) |
| 32. | *Cavalum SGPS, S.A. v. Kingdom of Spain*, ICSID Case No. ARB/15/34, Decision on Jurisdiction, Liability and Directions on Quantum | August 31, 2020 | https://jusmundi.com/en/document/decision/en-cavalum-sgps-s-a-v-kingdom-of-spain-decision-on-jurisdiction-liability-and-directions-on-quantum-monday-31st-august-2020#decision_12145 |
| 33. | *ESPF Beteiligungs GmbH, ESPF Nr. 2 Austria Beteiligungs GmbH, and InfraClass Energie 5 GmbH & Co. KG v. Italian Republic*, ICSID Case No. ARB/16/5, Award | September 14, 2020 | https://www.italaw.com/sites/default/files/case-documents/italaw11827.pdf |

| No. | Decision | Date | Link |
|---|---|---|---|
| 34. | *STEAG GMBH v. Kingdom of Spain*, ICSID Case No. ARB/15/4, Decision on Jurisdiction, Liability and Directions on Quantum | October 8, 2020 | https://www.italaw.com/sites/default/files/case-documents/italaw11900.pdf |
| 35. | *Silver Ridge Power BV v. Italian Republic*, ICSID Case No. ARB/15/37, Award | February 26, 2021 | https://www.italaw.com/sites/default/files/case-documents/italaw16138.pdf |
| 36. | *ČEZ, a.s. v. Republic of Bulgaria*, ICSID Case No. ARB/16/24, Decision on Jurisdiction | March 2, 2021 | (not public) |
| 37. | *FREIF Eurowind Holdings Ltd. v. Kingdom of Spain*, SCC Case No. 2017/060, Final Award | March 8, 2021 | https://www.energychartertreaty.org/fileadmin/DocumentsMedia/Cases/112_FREIF_Eurowind_Holdings_Ltd_v._Spain/2021.03.08_Award.pdf |
| 38. | *Eurus Energy Holdings Corporation v. Kingdom of Spain,* ICSID Case No. ARB/16/4, Decision on Jurisdiction and Liability | March 17, 2021 | https://www.italaw.com/sites/default/files/case-documents/italaw16123.pdf |
| 39. | *Mathias Kruck and others v. Kingdom of Spain*, ICSID Case No. ARB/15/23, Decision on Jurisdiction and Admissibility | April 19, 2021 | https://jusmundi.com/en/document/pdf/decision/en-frank-schumm-joachim-kruck-jurgen-reiss-and-others-v-kingdom-of-spain-decision-on-jurisdiction-friday-16th-april-2021 |
| 40. | *Aharon Naftali Biram, Gilatz Spain SL, Redmill Holdings Ltd., and Sun-Flower Olmeda GmbH v. Kingdom of Spain*, ICSID Case No. ARB/16/17, Award | June 22, 2021 | (not public) |
| 41. | *Festorino Invest Limited et al. v. Republic of Poland*, SCC Case No. 2018/098, Award | June 30, 2021 | https://www.italaw.com/sites/default/files/case-documents/italaw170046.pdf |

| No. | Decision | Date | Link |
|---|---|---|---|
| 42. | *Infracapital F1 S.à.r.l. and Infracapital Solar B.V. v. Kingdom of Spain*, ICSID Case No. ARB/16/18, Decision on Jurisdiction, Liability and Directions on Quantum | September 13, 2021 | https://www.energychartertreaty.org/fileadmin/DocumentsMedia/Cases/99_Infracapital_F1_S.a_r.l._and_Infracapital_Solar_B.V._v._Spain/2021.09.13_Decision_on_Jurisdiction__Liability_and_Directions_on_Quantum.pdf |
| 43. | *Amlyn Holding B.V. v. Republic of Croatia*, ICSID Case No. ARB/16/28, Award | October 22, 2021 | (not public) |
| 44. | *Sevilla Beheer B.V. and others v. Kingdom of Spain*, ICSID Case No. ARB/16/27, Decision on Jurisdiction, Liability and the Principles of Quantum | February 11, 2022 | https://www.italaw.com/sites/default/files/case-documents/italaw170038.pdf |
| 45. | *RENERGY S.à r.l. v. Kingdom of Spain*, ICSID Case No. ARB/14/18, Award | May 6, 2022 | https://www.energychartertreaty.org/fileadmin/DocumentsMedia/Cases/60_RENERGY/2022.05.06_Award.pdf |
| 46. | *MOL Hungarian Oil and Gas Company Plc v. Republic of Croatia*, ICSID Case No. ARB/13/32, Award | July 5, 2022 | (not public) |
| 47. | *LSG Building Solutions and others v. Romania*, ICSID Case No. ARB/18/19, Decision on Jurisdiction, Liability and Principles of Reparation | July 11, 2022 | (not yet public) |

**ICSID Annulment Committees**

| No. | Decision | Date | Link |
|---|---|---|---|
| **Pre-*Komstroy*** | | | |
| 48. | *Edenred S.A. v. Hungary*, ICSID Case No. ARB/13/21, Decision on Annulment | March 9, 2020 | (not public) |
| 49. | *Sodexo Pass International SAS v. Hungary*, ICSID Case No. ARB/14/20, Decision on Annulment | May 7, 2021 | (not public) |
| 50. | *Dan Cake S.A. v. Hungary*, ICSID Case No. ARB/12/9, Decision on Annulment | July 16, 2021 | (not public) |
| 51. | *Infrastructure Services Luxembourg S.à.r.l. and Energia Termosolar B.V. (formerly Antin Infrastructure Services Luxembourg S.à.r.l. and Antin Energia Termosolar B.V.) v. Kingdom of Spain*, ICSID Case No. ARB/13/31, Decision on Annulment | July 30, 2021 | https://www.italaw.com/sites/default/files/case-documents/italaw16546.pdf |
| 52. | *UP and C.D Holding Internationale v. Hungary*, ICSID Case No. ARB/13/35, Decision on Annulment | August 11, 2021 | (not public) |
| **Post-*Komstroy*** | | | |
| 53. | *Magyar Farming Company Ltd, Kintyre Kft and Inicia Zrt v. Hungary*, ICSID Case No. ARB/17/27, Decision on Annulment | November 16, 2021 | (not public) |
| 54. | *SolEs Badajoz GmbH v. Kingdom of Spain*, ICSID Case No. ARB/15/38, Decision on Annulment | March 16, 2022 | https://www.italaw.com/sites/default/files/case-documents/italaw170064.pdf |
| 55. | *NextEra Energy Global Holdings B.V. and NextEra Energy Spain Holdings B.V. v. Kingdom of Spain*, ICSID Case No. ARB/14/11, Decision on Annulment | March 18, 2022 | https://www.italaw.com/sites/default/files/case-documents/italaw16524.pdf |

| No. | Decision | Date | Link |
|---|---|---|---|
| 56. | *Cube Infrastructure Fund SICAV and others v. Kingdom of Spain*, ICSID Case No. ARB/15/20, Decision on Annulment | March 28, 2022 | https://www.italaw.com/sites/default/files/case-documents/italaw16538.pdf |
| 57. | *RREEF Infrastructure (G.P.) Limited and RREEF Pan-European Infrastructure Two Lux S.à r.l. v. Kingdom of Spain*, ICSID Case No. ARB/13/30, Decision on Annulment | June 10, 2022 | ECF No. 44-1 |
| 58. | *InfraRed Environmental Infrastructure GP Ltd. et al. v. Kingdom of Spain*, ICSID Case No. ARB/14/12, Decision on Annulment | June 10, 2022 | https://jusmundi.com/en/document/pdf/decision/en-infrared-environmental-infrastructure-gp-limited-and-others-v-kingdom-of-spain-decision-on-annulment-friday-10th-june-2022 |

**CERTIFICATE OF SERVICE**

I hereby certify that on August 3, 2022, I caused a true and correct copy of the foregoing Response to Notice of Supplemental Authority to be filed with the Clerk for the U.S. District Court for the District of Columbia through the ECF system.  Participants in the case who are registered ECF users will be served through the ECF system, as identified by the Notice of Electronic Filing.

/s/ *Matthew McGill*
Matthew McGill