UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INFRASTRUCTURE SERVICES LUXEMBOURG S.A.R.L. and ENERGIA TERMOSOLAR B.V.,<br><br>            Petitioners,<br><br>    v.<br><br>THE KINGDOM OF SPAIN,<br><br>            Respondent. | Civil Action No. 1:18-cv-1753 (EGS) |

**NOTICE OF SUPPLEMENTAL AUTHORITIES SUPPORTING MOTION TO DISMISS**

The Kingdom of Spain ("Spain") hereby submits as supplemental authorities in support of its pending motion to dismiss, D.E. 18: (1) the December 13, 2022 judgment of the Svea (Sweden) Court of Appeal ("Svea Court") in *Kingdom of Spain v. Novenergia II - Energy & Environment (SCA)*, a copy of which is attached hereto as Exhibit 1 (along with a certified English translation); and (2) the December 14, 2022 judgment of the Swedish Supreme Court in *Republic of Poland v. PL Holdings S.á.r.l.*, a copy of which is attached hereto as Exhibit 2 (along with a certified English translation).

## I.   *Kingdom of Spain v. Novenergia II - Energy & Environment (SCA)*

On February 15, 2018, an arbitral tribunal seated in Sweden issued an award purportedly pursuant to the dispute resolution clause contained in Article 26 of the Energy Charter Treaty ("ECT") against Spain and in favor of Novenergia II - Energy & Environment (SCA) ("Novenergia"). Like the two Petitioners in this action, Novenergia is a Luxembourgish entity.

On May 14, 2018, Spain brought an action to set aside that arbitral award in the Svea Court, which has supervisory authority over the arbitral tribunal. Spain argued, among other things, that

the arbitral award was invalid because Spain and Novenergia never entered into a valid arbitration agreement under Article 26 of the ECT, Ex. 1 §§ 3.1.1, 3.1.2.[1]

In its December 13, 2022 judgment, the Svea Court declared the *Novenergia* award invalid. Ex. 1 § 6.2.3. Relying on the judgments of the Court of Justice of the European Union ("CJEU") in *Slovak Republic v. Achmea B.V.*, CJEU Case C-284/16, 2018, ECLI:EU:C:2018:158, D.E. 48; *Komstroy LLC v. Republic of Moldova*, C.J.E.U. Case C-741/19, 2021, ECLI:EU:C:2021:655, D.E. 47-1; and *Republic of Poland v. PL Holdings Sàrl*, C.J.E.U. Case C-109/20, 2021, ECLI:EU:C:2021:875, D.E. 53-1, the Svea Court held that, under the treaties governing the European Union, Spain could not have lawfully have agreed pursuant to Article 26 of the ECT to arbitrate with Novenergia, a national of another EU Member State. Ex. 1 § 6.2.3, p. 38.

This is the same basis upon which Spain maintains that the Court lacks subject matter jurisdiction over this action – the absence of a valid agreement to arbitrate. *See* D.E. 18-1 at 28-32; D.E. 18-7 ¶¶ 14-52, D.E. 25 at 13-18; D.E. 26 ¶¶ 7-57; D.E. 27; D.E. 47; D.E. 53; D.E. 59.[2]

## II.   *Republic of Poland v. PL Holdings S.á.r.l.*

On February 14, 2022, Spain submitted a notice of supplemental authority concerning the decision of the CJEU in *Republic of Poland v. PL Holdings Sàrl*, C.J.E.U. Case C-109/20, 2021, ECLI:EU:C:2021:875. D.E. 53. In that decision, the CJEU confirmed its prior holding in *Slovak Republic v. Achmea B.V.*, C.J.E.U. Case C-284/16, 2018, ECLI:EU:C:2018:158 (D.E. 18-48), that

---

[1] Two days later, Novenergia sought to enforce the award in this Court, which stayed Novenergia's action pending the outcome of Spain's Swedish set aside action. *Novenergia II — Energy & Env't (SCA) v. Kingdom of Spain* ("*Novenergia* DC Action"), Civil Action No. 18-cv-01148 (TSC), 2020 U.S. Dist. LEXIS 12794, at *16 (D.D.C. Jan. 27, 2020).

[2] On December 23, 2022, Novenergia requested the Swedish Supreme Court to hear an appeal of the Svea Court's judgment. The Svea Court transmitted that request to the Swedish Supreme Court on January 11, 2023. *See Novenergia* DC Action, Docket No. 93 (Jan. 12, 2023).

all purported arbitration agreements between Member States of the European Union and investors from other EU Member States are *per se* invalid.

Relying on the CJEU's decision, in its December 14, 2022 judgment, the Swedish Supreme Court declared invalid two arbitral awards issued in favor of PL Holdings Sárl, another Luxembourgish entity, against the Republic of Poland, an EU Member State. Ex. 2 at pp. 2-3.

\*   \*   \*

This Court should consider the Swedish courts' reasoning and the CJEU case law on which they rely, along with Spain's arguments, in discharging the Court's "affirmative" and "independent obligation" to determine whether it has subject matter jurisdiction over the instant action under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1602 *et seq.*, *Sisso v. Islamic Republic of Iran*, 448 F. Supp. 2d 76, 80-81 (D.D.C. 2006). The Swedish courts' reasoning and the CJEU case law confirm that no valid arbitration agreement exists between Petitioners and Spain, and that, accordingly, this Court lacks subject matter jurisdiction under the FSIA.

| | |
|---|---|
| Dated: January 18, 2023 | Respectfully submitted,<br><br>KINGDOM OF SPAIN<br><br>By its attorneys,<br>/s/ Nicholas M. Renzler<br>Derek C. Smith (D.C. Bar No. 468674)<br>dcsmith@foleyhoag.com<br>Lawrence H. Martin (D.C. Bar No. 476639)<br>lhm@foleyhoag.com<br>Diana Tsutieva (D.C. Bar No. 1007818)<br>dtsutieva@foleyhoag.com<br>FOLEY HOAG LLP<br>1717 K Street, NW<br>Washington, DC 20006-5350<br>Tel: 202-223-1200<br>Fax: 202-785-6687 |

Andrew Z. Schwartz (D.D.C. Bar No. MA0017)
aschwartz@foleyhoag.com
Andrew B. Loewenstein (D.D.C. Bar No. MA0018)
aloewenstein@foleyhoag.com
FOLEY HOAG LLP
Seaport West
155 Seaport Boulevard
Boston, MA 02210-2600
Tel: 617-832-1000
Fax: 617-832-7000

Nicholas M. Renzler (D.C. Bar No. 983359)
nrenzler@foleyhoag.com
FOLEY HOAG LLP
1301 Avenue of the Americas
New York, NY 10019
Tel: 212-812-0400
Fax: 212-812-0399

*Attorneys for Respondent*

- 5 -

## **CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on January 18, 2023.

/s/ *Nicholas M. Renzler*
Nicholas M. Renzler