IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Infrastructure Services Luxembourg S.A.R.L. and Energia Termosolar B.V., <br><br> *Petitioners*, <br><br> v. <br><br> Kingdom of Spain, <br><br> *Respondent*. | Civil Action No. 1:18-cv-01753-EGS |

**Petitioners' Response to the Kingdom of Spain's Notice of Supplemental Authority**

Spain continues to submit notices of supplemental authority every time a court or tribunal based in the European Union ("EU") rules on its objections. *See, e.g.*, ECF Nos. 53, 59, 64. Its latest notice, ECF No 66, submits two additional recent European court decisions applying EU law. In *Kingdom of Spain v. Novenergia II - Energy & Environment (SCA), SICAR*, Case No. T 4658-18 (Dec. 13, 2022), ECF No. 66-1, the Svea Court of Appeal in Sweden—an EU member state court bound by the decisions of the Court of Justice of the European Union ("CJEU")—held that the "primacy of EU law" required it to invalidate an arbitral award issued under the Energy Charter Treaty ("ECT") in an intra-EU dispute. *Id.* at 39, § 6.2.3. And in *Republic of Poland v. PL Holdings S.á.r.l.,* Case No. 2022T 1569-19 (Dec. 14, 2022), ECF No. 66-2, the Supreme Court of Sweden applied that same principle of EU law in annulling an arbitral award issued pursuant to a bilateral investment treaty. "The national court cannot deviate from the [CJEU]'s interpretation," the court held, and an award "incompatible with" the EU legal order must also be regarded as "unlawful" "in Sweden." *Id.* ¶¶ 35, 59-60. Spain relies on these decisions to reiterate its meritless claim that EU law vitiates Spain's unequivocal consent to arbitrate under the ECT.

1

As Petitioners have repeatedly explained with respect to similar decisions Spain has previously submitted, *see* ECF Nos. 54, 60, 65, these decisions are not relevant to this case because they simply reflect the obligations under EU law of courts within the EU. EU courts are bound to apply EU law, so it is little surprise—and entirely insignificant—that the Swedish courts have followed *Slovak Republic v. Achmea BV*, Case No. C-284/16, ECLI:EU:C:2018:158 (Mar. 6, 2018), and *Republic of Moldova v. Komstroy LLC*, Case No. C-741/19, ECLI:EU:C:2021:655 (Sept. 2, 2021), by refusing to recognize awards resulting from intra-EU arbitration. But U.S. courts, of course, are not bound by EU law. These Swedish decisions do not bear on this Court's straightforward obligation to enforce Petitioners' Award, because (1) as a matter of *U.S.* law, the scope and validity of Spain's consent to arbitrate is not a live issue in this case, *see* ECF No. 19 ("MTD Opp.") at 10-22; and (2) even if it were, it would be governed by international law, not EU law, *see id.* at 28-35. Outside of the EU, the CJEU speaks with no special authority on questions of international law. *See id*. at 25-26, 30-31. Thus, even if the validity of Spain's consent to arbitrate were a live issue in this case, Spain's Swedish decisions would not affect the resolution of that issue. Petitioners therefore continue to respectfully request that this Court proceed to enforce the Award, as the ICSID Convention and its implementing legislation require.

Dated:  January 27, 2023

Respectfully submitted,

INFRASTRUCTURE SERVICES LUXEMBOURG S.A.R.L. AND ENERGIA TERMOSOLAR B.V.

By its attorneys,

 */s/ Matthew McGill*
Matthew McGill (D.C. Bar #481430)
mmcgill@gibsondunn.com
Matthew S. Rozen, D.C. Bar #1023209
mrozen@gibsondunn.com
Ankita Ritwik, D.C. Bar #1024801
aritwik@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Infrastructure Services Luxembourg S.A.R.L. and Energia Termosolar B.V.*

## CERTIFICATE OF SERVICE

  I hereby certify that, on January 27, 2023, I caused the foregoing Response to Spain's Notice of Supplemental Authority to be filed with the Clerk for the U.S. District Court for the District of Columbia through the ECF system. Participants in the case who are registered ECF users will be served through the ECF system, as identified by the Notice of Electronic Filing.

                */s/ Matthew McGill*
                Matthew McGill
                GIBSON, DUNN & CRUTCHER LLP
                1050 Connecticut Avenue, N.W.
                Washington, D.C. 20036
                (202) 955-8500
                mmcgill@gibsondunn.com