IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Infrastructure Services Luxembourg S.A.R.L.
and Energia Termosolar B.V.,

        *Petitioners*,

    *v.*                      **Civil Action No. 1:18-cv-01753-EGS**

Kingdom of Spain,

        *Respondent*.

**PETITIONERS' MEMORANDUM IN OPPOSITION TO
RESPONDENT THE KINGDOM OF SPAIN'S MOTION TO STAY**

# **TABLE OF CONTENTS**

|  | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| INTRODUCTION | 1 |
| BACKGROUND | 2 |
| ARGUMENT | 4 |
| CONCLUSION | 10 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*9REN Holding S.À.R.L. v. Kingdom of Spain*,
  2023 WL 2016933 (D.D.C. Feb. 15, 2023) ...................................................................3, 5, 7

*Belize Soc. Dev. Ltd. v. Government of Belize*,
  668 F.3d 724 (D.C. Cir. 2012) ..............................................................................................7

*Blasket Renewable Invs., LLC v. Kingdom of Spain*,
  2023 WL 2682013 (D.D.C. Mar. 29, 2023) ..........................................................................3

*BOKF, NA v. Wilmington Savings Fund Soc'y (In re MPM Silicones, L.L.C.)*,
  2017 WL 4386378 (S.D.N.Y. Oct. 2, 2017) .........................................................................9

*Boumediene v. Bush*,
  450 F. Supp. 2d 25 (D.D.C. 2006) ........................................................................................9

*Ctr. for Biological Diversity v. Ross*,
  419 F. Supp. 3d 16 (D.D.C. 2019) ....................................................................................8, 9

*Cube Infrastructure Fund SICAV v. Kingdom of Spain*,
  2023 WL 2914472 (D.D.C. Mar. 31, 2023) ..........................................................................3

*Dufur v. U.S. Parole Comm'n*,
  34 F.4th 1090 (D.C. Cir. 2022) .............................................................................................8

*Fonville v. District of Columbia*,
  766 F. Supp. 2d 171 (D.D.C. 2011) ......................................................................................8

*Foremost-McKesson, Inc. v. Islamic Republic of Iran*,
  905 F.2d 438 (D.C. Cir. 1990) ..............................................................................................6

*In re Google LLC*,
  949 F.3d 1338 (Fed. Cir. 2020) .............................................................................................8

*Hulley Enters. Ltd. v. Russian Federation*,
  211 F. Supp. 3d 269 (D.D.C. 2016) ......................................................................................8

*Hulley Enters. Ltd. v. Russian Federation*,
  2022 WL 1102200 (D.D.C. Apr. 13, 2022) ..........................................................................7

*IBT/HERE Emp. Reps.' Council v. Gate Gourmet Div. Ams.*,
  402 F. Supp. 2d 289 (D.D.C. 2005) ......................................................................................8

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936) ...................................................................................................4, 6, 10

*Nat'l Indus. for Blind v. Dep't of Veterans Affs.*,
  296 F. Supp. 3d 131 (D.D.C. 2017) ......................................................................................4

*NextEra Energy Glob. Holdings B.V. v. Kingdom of Spain*,
  2023 WL 2016932 (D.D.C. Feb. 15, 2023) ..........................................................................3

*P.J.E.S. v. Mayorkas*,
   2023 WL 387570 (D.D.C. Jan. 25, 2023) .................................................................................9

*Perenco Ecuador Ltd. v. Republic of Ecuador*,
   2023 WL 2536368 (D.D.C. Mar. 16, 2023) ..............................................................................4

*Philipp v. Federal Republic of Germany*,
   436 F. Supp. 3d 61 (D.D.C. 2020) .......................................................................................6, 8

*Process & Indus. Devs. Ltd. v. Federal Republic of Nigeria*,
   962 F.3d 576 (D.C. Cir. 2020) .................................................................................................7

*RREEF Infrastructure (G.P.) Ltd. v. Kingdom of Spain*,
   2021 WL 1226714 (D.D.C. Mar. 31, 2021) .............................................................................5

*Tidewater Inv. SRL v. Bolivarian Republic of Venezuela*,
   2018 WL 6605633 (D.D.C. Dec. 17, 2018) .............................................................................4

*Toren v. Federal Republic of Germany*,
   2022 WL 3646307 (D.D.C. Aug. 24, 2022) .............................................................................9

*United States v. City of New Britain*,
   347 U.S. 81 (1954) ...................................................................................................................5

**Statutes**

22 U.S.C. § 1650a .......................................................................................................................2, 9

## **INTRODUCTION**

Respondent the Kingdom of Spain ("Spain") faces more than a dozen actions in this Court that seek to enforce arbitral awards against it, each compensating investors for Spain's unlawful revocation of renewable energy subsidies on which those investors relied in investing in Spain. The central issue in each of these cases is Spain's argument that this Court lacks subject-matter jurisdiction under the Foreign Sovereign Immunities Act because Spain's consent to arbitrate these disputes was contrary to European Union ("EU") law and therefore invalid. That issue has now been decided in four of the pending actions: Magistrate Judge Upadhyaya (in "*Cube*") and Judge Chutkan (in "*NextEra*" and "*9REN*") rejected Spain's EU-law objection, while Judge Leon (in "*Blasket*") embraced it. Spain has filed objections to the decision in *Cube*, and appeals in *NextEra*, *9REN*, and *Blasket* are now proceeding in the D.C. Circuit.

Of the many pending enforcement actions against it, Spain now seeks a stay pending resolution of the D.C. Circuit appeals in only four cases: the three actions where its jurisdictional objection was rejected (*Cube*, *NextEra*, and *9REN*), and this action, which is pending before the same judge as *Cube* and assigned to the same magistrate judge that ruled against Spain in that case. By contrast, in the one other case ("*Hydro*") assigned to Judge Leon—who ruled in favor of Spain in *Blasket*—Spain has actively argued *against* a stay. In the rest, Spain has not sought a stay pending a D.C. Circuit decision.

Spain's strategy is not difficult to discern: Spain is seeking to head off a potentially unfavorable ruling here while trying to score favorable rulings in other cases in advance of the D.C. Circuit's consideration of these issues. But there is no reason to stay this case alone while other award holders in this Court and the D.C. Circuit continue to press their cases forward. A stay will significantly harm Petitioners, who have already waited nearly five years for a ruling in

1

this summary proceeding, with little countervailing benefit. Spain's motion should therefore be denied.

## BACKGROUND

Petitioners Infrastructure Services Luxembourg S.A.R.L. and Energia Termosolar B.V. ("Petitioners") are Luxembourg- and Netherlands-based companies that hold a €112 million plus interest arbitral award (the "Award") against Spain. That Award compensates Petitioners for Spain's improper interference with their investments in renewable energy projects in Spain, in violation of the Energy Charter Treaty ("ECT"). Spain, however, has steadfastly refused to pay, in clear violation of its obligations under the Convention on the Settlement of Investment Disputes between States and Nationals of Other States (the "ICSID Convention," ECF No. 1-2). Petitioners thus brought this action in 2018 seeking recognition and enforcement of the Award in the United States under 22 U.S.C. § 1650a, which provides that the "pecuniary obligations imposed by such an award" issued under the ICSID Convention "shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States."

After full merits briefing, this Court stayed the case in August 2019 pending a decision by an ICSID-appointed committee (the "Committee") on Spain's petition to annul the Award—the sole mechanism under the ICSID Convention for invalidating an award. Spain's petition failed. On July 30, 2021, the Committee "reject[ed] in full Spain's application to annul the Award" and awarded costs in favor of Petitioners. ECF No. 46-1 ¶¶ 266-68. The Court then lifted the stay in January 2022. Minute Entry (Jan. 28, 2022). Spain's motion to dismiss has remained pending since then, although the parties have continued to actively engage on the issues through notices of supplemental authority. *See* ECF Nos. 53-55, 57, 59-60, 64-70.

Legal developments in the past two months have strengthened Petitioners' position. Every court to consider Spain's effort to deploy EU law to undermine the jurisdiction of U.S. courts to enforce ICSID awards—including the magistrate judge in this matter—has squarely rejected it. *NextEra Energy Glob. Holdings B.V. v. Kingdom of Spain*, 2023 WL 2016932 (D.D.C. Feb. 15, 2023) (Chutkan, J.); *9REN Holding S.À.R.L. v. Kingdom of Spain*, 2023 WL 2016933 (D.D.C. Feb. 15, 2023) (Chutkan, J.); *Cube Infrastructure Fund SICAV v. Kingdom of Spain*, 2023 WL 2914472 (D.D.C. Mar. 31, 2023) (Upadhyaya, Mag. J.). Another court in this District, however, sided with Spain in a similar enforcement action brought under a different convention—the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention"). *Blasket Renewable Invs., LLC v. Kingdom of Spain*, 2023 WL 2682013 (D.D.C. Mar. 29, 2023) (Leon, J.). Spain has appealed to the D.C. Circuit in *NextEra* and *9REN* (and challenged this Court's report and recommendation in *Cube*), as have the petitioners in *Blasket*.

Spain has responded to those rulings in markedly different ways in the 14 award-enforcement actions based on its violation of the ECT pending against it in this Court. *See* ECF No. 71-1 ("Stay Mot.") at 1 & n.2. In an action before the same judge that ruled in Spain's favor in *Blasket*, Spain declined to seek a stay and instead agreed with the petitioners that its motion to dismiss "can be decided" now, without waiting for a ruling from the D.C. Circuit. *Hydro Energy 1, S.à.r.l. v. Kingdom of Spain*, No. 1:21-cv-2463 (D.D.C. Apr. 3, 2023), ECF No. 35 at 1; *see also id.* ECF No. 38 at 1 (asserting that the court need not await the D.C. Circuit's decision if it "promptly grant[s] Spain's motion to dismiss"). And in other cases where the judge has not yet ruled on Spain's motion to dismiss, Spain has declined to seek a stay. But in this case—where the magistrate judge recently ruled against Spain's virtually identical arguments in *Cube*—Spain seeks a stay.

3

**ARGUMENT**

This action has been pending for nearly five years. It was already stayed for two-and-a-half years, and more than a year has passed since the stay was lifted. Further delay is unnecessary and will prejudice Petitioners. "[G]iven this Court's obligations under the ICSID Convention and its implementing statute" to enforce arbitral awards with a "sense of urgency," Spain's effort to "indefinitely mire enforcement of the Award" is "not appropriate." *Perenco Ecuador Ltd. v. Republic of Ecuador*, 2023 WL 2536368, at *5-6 (D.D.C. Mar. 16, 2023). Instead, the ICSID Convention and its implementing legislation envision only a "perfunctory role . . . for federal district courts." *Tidewater Inv. SRL v. Bolivarian Republic of Venezuela*, 2018 WL 6605633, at *6 (D.D.C. Dec. 17, 2018); *see* ECF No. 19 at 9, 43-44. This case should therefore proceed promptly toward entry of judgment.

"[I]t is well established that a stay pending the resolution of unrelated legal proceedings is an extraordinary remedy." *Nat'l Indus. for Blind v. Dep't of Veterans Affs.*, 296 F. Supp. 3d 131, 137 (D.D.C. 2017) (Brown Jackson, J.). As the Supreme Court has long admonished, "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). Thus, "[i]f there is 'even a fair possibility' that a stay would adversely affect another party, the movant for the stay must demonstrate a 'clear case of hardship or inequity in being required to go forward.'" *Nat'l Indus. for Blind*, 296 F. Supp. 3d at 137-38 (quoting *Landis*, 299 U.S. at 255).

There is far more than a "fair possibility" that Petitioners would be adversely affected by a stay. In recent months, Spain has filed—without any prior notice to this Court or to Petitioners—an application in the District Court of Luxembourg (the "Luxembourg Action") seeking a decree

4

requiring Petitioners to suspend proceedings before this Court and to cease enforcement of the Award. *See 9REN*, No. 1:19-cv-1871 (D.D.C. Jan. 17, 2023), ECF No. 46-1 at 2 (mentioning the Luxembourg Action as "a part of a broader collateral assault [by Spain] on this Court's jurisdiction to fulfill its statutory duty to recognize and enforce . . . ICSID awards"). That "attempt to deprive this [C]ourt of jurisdiction" is highly improper and should not be tolerated. *9REN*, 2023 WL 2016933, at *9 (enjoining identical Luxembourg action by Spain against petitioner there). This case should therefore move expeditiously toward judgment to thwart the serious and continuing threat the Luxembourg Action poses to Petitioners' interests. An indefinite stay of this case pending the D.C. Circuit's decisions would leave Petitioners helpless to protect their interests in this Court, while Spain can continue to seek anti-suit relief in Luxembourg.[1]

Further, any delay here while the appeals proceed would jeopardize Petitioners' ability to obtain priority liens on Spain's assets. This action is the second-longest pending of any of the actions against Spain in this Court, *see* Stay Mot. 1 n.2, and the first to reach a decision denying Spain's annulment petition, *see BayWa r.e. AG v. Kingdom of Spain*, No. 1:22-cv-2403 (D.D.C. Jan. 30, 2023), ECF No. 21 at App'x 8-9 (listing status of annulment proceedings), clearing the principal obstacle towards progress in this Court. Yet this action has fallen behind actions filed years later in *Cube*, *NextEra*, and *9REN*, and risks falling further behind others if this case is stayed while others are not. It is black-letter law that "'the first in time is the first in right,'" and "'a prior lien gives a prior claim[.]'" *United States v. City of New Britain*, 347 U.S. 81, 85 (1954) (citation

---

[1] *RREEF Infrastructure (G.P.) Ltd. v. Kingdom of Spain*, 2021 WL 1226714 (D.D.C. Mar. 31, 2021), which Spain cites, is therefore readily distinguishable. The stay there allowed the Court to await a decision in another proceeding involving the *same* award holder—namely, annulment proceedings similar to the ones that recently concluded here—rather than a decision in a completely different dispute. *Id.* at *3. And the potential harms to the award holder there did not (at the time) appear to include any effort by Spain to secure anti-suit relief for the express purpose of depriving the Court of jurisdiction over the action.

omitted). A stay would thus allow other judgment creditors to secure their interests while this case is on pause and prejudice Petitioners' hard-fought right to recover for Spain's adjudicated misconduct.

Spain, by contrast, fails to make out a "clear case"—or any case—of hardship it would suffer if this action continued. *Landis*, 299 U.S. at 255. It claims that it will experience "irreversible . . . harm" from having to defend against this action while its threshold sovereign immunity defense is before the D.C. Circuit. Stay Mot. 9 (citation omitted). But that objection rings quite hollow when Spain is happy to forge ahead in other cases, including advocating for further progress before Judge Leon in *Hydro*. *See Hydro*, No. 1:21-cv-2463 (D.D.C. Apr. 3, 2023), ECF No. 35.[2] Indeed, Spain's stay motion in *9REN* has already been denied, No. 1:19-cv-1871 (D.D.C. Apr. 20, 2023), ECF No. 77, so it will be litigating these issues in this Court in any event.

The principle Spain invokes is also inapposite. The cases it cites, Stay Mot. 9, hold that courts should ordinarily resolve immunity issues before a defendant must undergo the "burdens of litigation" on the *merits*, *Foremost-McKesson, Inc. v. Islamic Republic of Iran*, 905 F.2d 438, 443 (D.C. Cir. 1990) (citation omitted); *see also Philipp v. Federal Republic of Germany*, 436 F. Supp. 3d 61, 68 (D.D.C. 2020). But that principle in no way entitles Spain to avoid litigation on its entitlement to *immunity*. That is the central question raised by Spain's motion to dismiss, ECF No. 18-1 ("MTD") at 19-28, and Spain's cited authorities provide no basis to stay proceedings on that critical, threshold question.[3] And as a practical matter, because Spain's motion to dismiss is

---

[2] Although Spain signaled in its latest filing in *Hydro* that Judge Leon "can" defer his decision until after the D.C. Circuit rules, its lead position remains that he should "adopt [his] reasoning in *Blasket* and promptly grant Spain's motion to dismiss." No. 1:21-cv-2463 (D.D.C. Apr. 25, 2023), ECF No. 38 at 1. Moreover, Spain affirmatively agreed to proceed with supplemental briefing, *id.* ECF No. 35, and still has not moved for a stay there.

[3] To be sure, Spain has also moved to dismiss on other, non-jurisdictional grounds. *See* MTD 29-35 (raising full faith and credit exceptions, foreign sovereign compulsion, and EU state aid law

6

"fully briefed and ripe for resolution," "proceeding with this litigation" would merely impose a "*de minimis* burden, if any," on Spain. *Hulley Enters. Ltd.*, 2022 WL 1102200, at *8-9.

Nor can Spain's invocation of "'judicial economy,'" Stay Mot. 6, 8-9, justify a stay here. Again, Spain seeks judicial economy only where it advances its broader litigation agenda; where it perceives an advantage in pressing ahead with litigation in this Court, it is happy to do so. *See supra* pp. 1, 3. This cynical attempt to pick and choose which of its cases get resolved before the D.C. Circuit weighs in belies its claimed desire for economy. Instead, Spain's tactics present only more cause to leave Petitioners on equal footing with the other petitioners in this Court who face no impediment to litigating their cases during the pendency of the appeals.

In any event, "the court's interests in judicial economy" must be weighed against "hardship to the parties," and a slight interest in judicial economy here cannot "'override[] the injury to the party being stayed.'" *Belize Soc. Dev. Ltd. v. Government of Belize*, 668 F.3d 724, 732 (D.C. Cir. 2012) (citation omitted) (reversing district court's entry of stay order requested by foreign sovereign). Petitioners respectfully submit that whatever conservation of judicial resources might be achieved with a stay of this five-year-old case is outweighed by the harm the stay would cause Petitioners by allowing Spain's anti-suit litigation in Luxembourg to proceed—and possibly to preclude this Court from deciding the case in conformity with the D.C. Circuit's ruling. *See 9REN*, 2023 WL 2016933, at *11 (finding "clear" "risk of irreparable harm to 9REN" because "[i]f Spain

---

as merits defenses). But Spain's voluntary decision to litigate those issues forfeits any objection to the burden of litigating them. Spain has "forgo[ne] its entitlement to a threshold determination of immunity . . . by opting to brief all of its defenses together." *Process & Indus. Devs. Ltd. v. Federal Republic of Nigeria*, 962 F.3d 576, 585-86 (D.C. Cir. 2020). Spain thus cannot now insist that this Court wait on a ruling in a different case before resolving the issues—jurisdictional and otherwise—it chose to present here. *See Hulley Enters. Ltd. v. Russian Federation*, 2022 WL 1102200, at *1 n.1, *2 (D.D.C. Apr. 13, 2022) (rejecting stay request by foreign sovereign that had briefed "both its jurisdictional and non-jurisdictional, merits defense[s] . . . concurrently").

7

receives the relief it seeks in the Luxembourg action, 9REN will be permanently enjoined from enforcing the Award").

In fact, proceeding with this and other actions actually *benefits* the judicial process, as it promotes further development of the law governing award-enforcement cases like this one. Just as there is value in "'allow[ing] important issues to percolate through multiple circuits before the Supreme Court must review a disputed question,'" *Dufur v. U.S. Parole Comm'n*, 34 F.4th 1090, 1103 n.2 (D.C. Cir. 2022) (Randolph, J., dissenting) (quoting *Al-Marri v. Rumsfeld*, 360 F.3d 707, 710 (7th Cir. 2004)), concurrent decisions by multiple district courts will generate a robust set of perspectives on these issues that may help inform the pending appeals, *see In re Google LLC*, 949 F.3d 1338, 1343 (Fed. Cir. 2020) (recognizing "the wisdom of . . . allow[ing] . . . issues to 'percolate in the district courts'" so that "additional district court decisions" can "crystallize[] and br[ing] clarity" to the issues (citation omitted)).

Spain's stay motion also finds no support in its cited cases. Most involve stays in favor of other litigation involving the *same* parties—even though Spain's own authority confirms that a party seeking a stay pending the outcome of *unrelated* litigation bears an "even heavier" burden than the ordinary stay standard. *Ctr. for Biological Diversity v. Ross*, 419 F. Supp. 3d 16, 20 (D.D.C. 2019) (cited at Stay Mot. 6); *see id.* at 20-23 (denying stay because marginal benefits to judicial economy did not justify delay that would "exacerbate[] th[e] harm" to plaintiffs); *supra* note 1.[4] The stay in *Fonville v. District of Columbia*, 766 F. Supp. 2d 171, 173-74 (D.D.C. 2011),

---

[4] *Hulley Enterprises Ltd. v. Russian Federation*, 211 F. Supp. 3d 269 (D.D.C. 2016), on which Spain relies heavily, involved a stay pending an appeal from a set-aside action challenging the very arbitral award at issue in the case. Like the annulment proceeding Spain previously pursued here, that set-aside action was contemplated by the governing legal framework (the New York Convention) and involved the exact same parties. *Id.* at 274-76; *cf. supra* note 1. The court in *IBT/HERE Employee Representatives' Council v. Gate Gourmet Division Americas*, 402 F. Supp. 2d 289 (D.D.C. 2005), stayed the case pending the resolution of binding arbitration between the parties. The stay in *Philipp*, 436 F. Supp. 3d 61, was issued so that the defendant could file a

8

allowed the District of Columbia's "highest 'state' court," the D.C. Court of Appeals, to weigh in "on matters of local law"—a unique issue of inter-court relations not implicated here. And in *P.J.E.S. v. Mayorkas*, 2023 WL 387570, at *5 (D.D.C. Jan. 25, 2023), the *plaintiff* sought to stay the proceedings during the appeal of a decision in another case that, if upheld, would redress his harms and thus enable him to voluntarily dismiss his suit. But Spain is not here promising to pay Petitioners' award if the D.C. Circuit appeal is resolved against it, so there is no possibility the D.C. Circuit appeal will redress Petitioners' injuries.

Spain's remaining authorities are even flimsier. The cursory analysis in the stay order in *Al-Marri v. Bush*, No. 04-2035 (D.D.C. Mar. 8, 2005), ECF No. 26—a case involving the detention of an enemy combatant—made no mention of "'any possible hardship to the parties,'" *Ctr. for Biological Diversity*, 419 F. Supp. 3d at 20 (quoting *Belize Soc. Dev.*, 668 F.3d at 732-33). Here, as discussed above, that consideration strongly weighs against a stay. And neither *Boumediene v. Bush*, 450 F. Supp. 2d 25 (D.D.C. 2006)—another enemy combatant case—nor *Toren v. Federal Republic of Germany*, 2022 WL 3646307 (D.D.C. Aug. 24, 2022), gave any explanation *at all* for the stays granted there, thus shedding no light on the competing considerations at issue. This Court's precedents therefore offer no basis to grant a stay here.

At bottom, Petitioners hold an ISCID arbitration award, entitled by treaty and federal statute to "full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States," 22 U.S.C. § 1650a(a), and Petitioners should be permitted to vindicate that right regardless of how the litigants in *Blasket*, *NextEra*, and *9REN* choose to present the issues. Spain has fallen far short of carrying its burden to show that this is the "rare"

---

petition for writ of certiorari *in that very case*. And the stay in *BOKF, NA v. Wilmington Savings Fund Society (In re MPM Silicones, L.L.C.)*, 2017 WL 4386378 (S.D.N.Y. Oct. 2, 2017), awaited the resolution of an appeal arising out of the exact same bankruptcy proceeding.

case where one party must be "compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255. The D.C. Circuit should have the benefit of this Court's input before it rules.[5]

## CONCLUSION

Petitioners respectfully request that the Court deny the motion to stay.

Dated: April 26, 2023

Respectfully submitted,

/s/ *Matthew McGill*

Matthew McGill, D.C. Bar #481430
mmcgill@gibsondunn.com
Matthew S. Rozen, D.C. Bar #1023209
mrozen@gibsondunn.com
Ankita Ritwik, D.C. Bar #1024801
aritwik@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
Telephone:  202.955.8500
Facsimile:  202.467.0539

*Attorneys for Petitioners Infrastructure Services Luxembourg S.A.R.L. and Energia Termosolar B.V.*

---

[5] That this Court's decision will be subject to de novo review by Judge Sullivan before it can go up to the D.C. Circuit, Stay Mot. 9-10,  is no reason to issue a stay.  Even if proceedings before Judge Sullivan do not fully resolve by the time the D.C. Circuit rules, moving the case forward now will materially advance this case's progress and eventual resolution.

Case 1:18-cv-01753-EGS-MAU   Document 72   Filed 04/26/23   Page 15 of 15

## CERTIFICATE OF SERVICE

      I hereby certify that on April 26, 2023, I caused a true and correct copy of the foregoing document to be filed with the Clerk for the U.S. District Court for the District of Columbia through the ECF system. Participants in the case who are registered ECF users will be served through the ECF system, as identified by the Notice of Electronic Filing.



/s/ *Matthew McGill*
Matthew McGill