UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INFRASTRUCTURE SERVICES LUXEMBOURG S.A.R.L, and ENERGIA TERMOSOLAR B.V.,<br><br>Petitioners,<br><br>v.<br><br>THE KINGDOM OF SPAIN,<br><br>Respondent. | Civil Action<br>No. 1:18-cv-1753-EGS-MAU |

**RESPONDENT THE KINGDOM OF SPAIN'S
REPLY MEMORANDUM OF LAW IN SUPPORT OF
<u>MOTION TO STAY ACTION PENDING APPEALS</u>**

**INTRODUCTION**

Petitioners fail to show why this action should not be stayed pending the resolution of three related cases now on appeal in the D.C. Circuit (the "Court of Appeals"): *Blasket Renewable Investments LLC v. Kingdom of Spain*, D.C. Cir. Case No. 23-7038 ("*Blasket* Appeal"); *Nextera Energy Global Holdings B.V. v. Kingdom of Spain*, D.C. Cir. Case No. 23-7031 ("*Nextera* Appeal"); and *9REN Holdings S.à.r.l. v. Kingdom of Spain*, D.C. Cir. Case No. 23-7032 ("*9REN* Appeal") (together, the "Appeals"). As Spain has demonstrated – and Petitioners cannot deny – the outcome of these Appeals will almost certainly have a material impact on the jurisdictional issues in this action, as the Court of Appeals will be deciding the same essential issues arising under the Foreign Sovereign Immunities Act that are the subject of Spain's pending motion to dismiss. *See* D.E. 68 at 3; D.E. 70 at 4.

The Appeals are proceeding quickly. By order dated April 20, 2023, the Court of Appeals established a consolidated briefing schedule under which all opening briefs are due in less than a month, and briefing will be complete in less than 12 weeks. Moreover, each of the Appeals will be argued on the same day before the same panel on the first appropriate date after briefing is completed. *Blasket* Appeal, Per Curiam Order, at 2 (Apr. 20, 2023); *Nextera* Appeal, Per Curiam Order, at 2 (Apr. 20, 2023); *9REN* Appeal, Per Curiam Order, at 2 (Apr. 20, 2023).

Because the interests of judicial economy would be served by a stay and outweigh any possible hardship to the parties, the Court should grant Spain's motion.

## ARGUMENT

The Court has "broad discretion to stay all proceedings in an action pending the resolution of independent proceedings elsewhere." *IBT/HERE Emple. Representatives' Council v. Gate Gourmet Div. Ams.*, 402 F. Supp. 2d 289, 292 (D.D.C. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In determining whether to exercise that discretion, the Court should balance its "interests in judicial economy and any possible hardship to the parties." *Belize Soc. Dev., Ltd. v. Gov't of Belize*, 668 F.3d 724, 733 (D.C. Cir. 2012). Petitioners are incorrect in suggesting that a different standard applies because the Appeals are "'unrelated legal proceedings.'" D.E. 72 at 8 (quoting *Nat'l Indus. for Blind v. Dep't of Veterans Affs.*, 296 F. Supp. 3d 131, 137 (D.D.C. 2017)); *see also id*. at 12. The three pending Appeals involve the same respondent, Spain, and concern substantially the same jurisdictional issues as this case under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1602 *et seq*, namely whether the FSIA's arbitration and/or waiver

exceptions, *id.*, § 1605(a)(6) and (a)(1), are applicable. It defies logic and common sense to suggest that the Appeals are not related to this case.[1]

## I. Staying This Action Will Promote Judicial Economy

The Court should stay this action to conserve judicial resources. *See Hulley Enters. v. Russian Fed'n*, 211 F. Supp. 3d 269, 276 (D.D.C. 2016); *Fonville v. District of Columbia*, 766 F. Supp. 2d 171, 172-73 (D.D.C. 2011).

On April 20, 2023, the Court of Appeals set a consolidated briefing schedule in the three Appeals. Under that schedule, each Appellant's opening brief is due May 30, 2023, each Appellee's brief is due June 29, 2023, and each Appellant's reply brief is due July 20, 2023. Oral argument in all three Appeals will be scheduled for the same day and before the same panel "on the first appropriate date following completion of briefing." *Blasket* Appeal, Per Curiam Order, at 2 (Apr. 20, 2023); *Nextera* Appeal, Per Curiam Order, at 2 (Apr. 20, 2023); *9REN* Appeal, Per Curiam Order, at 2 (Apr. 20, 2023).

There is no need to adjudicate subject matter jurisdiction in this case when essentially the same jurisdictional issues raised by Spain's motion to dismiss are now before the Court of Appeals. Among other benefits, a stay will spare the parties and this Court (at the Magistrate Judge and

---

[1] Contrary to Petitioners' suggestion, *see* D.E. 72 at 7, it does not matter that one of the cases now on appeal is an action to enforce an award under the New York Convention, *see Blasket Renewable Invs., LLC v. Kingdom of Spain*, No. 21-3249-RJL, 2023 U.S. Dist. LEXIS 54502, at *7 (D.D.C. Mar. 29, 2023), whereas this case and the other two cases on appeal are actions to enforce awards under the ICSID Convention, *see Nextera Energy Global Holdings B.V. v. Kingdom of Spain*, No. 19-cv-01618 (TSC), 2023 U.S. Dist. LEXIS 25862, at *3 (D.D.C. Feb. 15, 2023); *9REN Holding S.A.R.L. v. Kingdom of Spain,* No. 19-cv-01871-TSC, 2023 U.S. Dist. LEXIS 25860, at *2 (D.D.C. Feb. 15, 2023). None of the courts' analyses of jurisdiction under the FSIA in *Blasket*, *Nextera*, or *9REN* turned on whether enforcement was sought under the New York Convention or the ICSID Convention. *See Blasket*, 2023 U.S. Dist. LEXIS 54502 at *21; *Nextera*, 2023 U.S. Dist. LEXIS 25862, at *20-21; *9REN*, 2023 U.S. Dist. LEXIS 25860, at *17-18.

District Judge level) unnecessary work.  It also would avoid the disruption that an appellate decision issued in the midst of that work (or after its conclusion) could cause.

Petitioners fall flat in their attempts to distinguish the decisions that Spain relies upon in support of its stay motion.  Petitioners state that "[m]ost involve stays in favor of other litigation involving the *same* parties." D.E. 72 at 12 (emphasis in original).  Spain, of course, is a party in all of the cases at issue.  The fact that the cases involve different Petitioners does not prevent a stay from promoting judicial economy in this case.  Here, the Court can conserve judicial and party resources by staying duplicative proceedings.  *Philipp v. F.R.G.*, 436 F. Supp. 3d 61, 68 (D.D.C. 2020); *Hulley*, 211 F. Supp. 3d 369; *IBT/HERE Employee Representatives' Council*, 402 F. Supp. 2d 289.  This is particularly appropriate when the stay is in favor of proceedings in a higher court. *BOKF, NA v. Wilmington Sav. Fund Soc'y (In re MPM Silicones, L.L.C.)*, No. 15-cv-2280-NSR, 2017 U.S. Dist. LEXIS 162681, at *8 (S.D.N.Y. Sept. 29, 2017).

Petitioners try to distinguish *Fonville v. District of Columbia*, 766 F. Supp. 2d 171, as a "unique" case implicating the relationship between the D.C. Court of Appeals (D.C.'s "highest 'state' court," *id*. at 173) and this Court.  D.E. 72 at 12-13.  In that case, the defendant in the District Court action also had an appeal pending with the D.C. Court of Appeals.  Because that appeal would resolve "one of the questions squarely before th[e] U.S. District Court," this Court granted a stay, even though it would not have been bound by the outcome.  *Fonville*, 766 F. Supp. 2d at 173-74.  *A fortiori*, a stay is warranted here given that there likely will be a binding appellate decision.

Petitioners attempt to brush away the enemy combatant cases.  D.E. 72 at 13.  But they cannot deny that these cases show that courts stay proceedings to avoid "unnecessary expenditure of judicial resources." *Al-Marri v. Bush*, No. 04-2035-GK, Stay Order, D.E. 26 at 2 (D.D.C. Mar.

8, 2005). The circumstances that merited stays in those cases are present here as well. The enemy combatant cases, like the 14 actions in this District against Spain, involved multiple plaintiffs making similar claims against the same defendant. D.E. 71-1 at 11-12. The *Al-Marri* Court's summary treatment of the request for a stay reflects the lack of difficulty the Court had in granting that relief when "many of the precise issues" in the case concurrently were on appeal. No. 04-2035-GK, Stay Order at 2 (D.D.C. Mar. 8, 2005). The same is true of *Boumediene v. Bush*, where the wisdom of granting a stay was so obvious that the Court entered the order *sua sponte*. *See* No. 1:04-cv-1166-RJL, D.E. 108 (Dec. 3, 2007). *See also Toren v. Fed. Republic of Ger.*, No. 1:16-cv-1885-RJL, 2022 U.S. Dist. LEXIS 152674, at *5 (Aug. 22, 2022); *id.*, Minute Order (July 9, 2018) (stay entered *sua sponte* while "two cases presenting similar issues regarding the scope of the FSIA's expropriation exception" were heard by the Court of Appeals and the Supreme Court).

There is no merit to Petitioners' attempt to paint Spain as "cynical" in seeking a stay. D.E. 72 at 11; *see also id.* at 5, 7. Spain's March 24, 2023 response to Petitioners' notice of supplemental authority concerning the *Nextera* and *9REN* decisions explained that the Court should defer ruling until the appellate process in those cases runs its course. D.E. 69 at 12. That response was filed before Magistrate Judge Upadhyaya issued a report and recommendation in *Cube Infrastructure Fund Sicav et al. v. Kingdom of Spain*, No. 1:20-cv-1708-EGS-MAU, D.E. 63 (Mar. 31, 2023), recommending the Court exercise jurisdiction under the FSIA over a claim to enforce an ICSID award. Spain reiterated the suggestion that the Court defer ruling in its April 5, 2023 notice of supplemental authority concerning the *Blasket* decision. D.E. 70 at 4-5. Spain then formally moved for a stay, taking the same position as in its supplemental authority submission. D.E. 71.

In *Hydro Energy 1, S.à.r.l. v. Kingdom of Spain*, No. 1:21-cv-02463-RJL, Spain did not, as Petitioners claim, "actively argue[] *against* a stay," D.E. 72 at 5 (emphasis in original). Instead, Spain stated that

> the Court should pursue one of two straightforward options: The Court can adopt its reasoning in *Blasket* and promptly grant Spain's motion to dismiss, *or the Court can await further developments in the Court of Appeals, which is poised to issue a dispositive ruling on the very issues presented in this case.*

*Id.*, D.E. 38 at 2 (Apr. 25, 2023) (emphasis added).[2]

Petitioners are likewise wrong to maintain that permitting this case to move forward at the same time as the Appeals would somehow "*benefit*[]" the "judicial process," D.E. 72 at 12 (emphasis in original). Neither of the cases Petitioners rely upon involved a motion to stay. *See Dufur v. U.S. Parole Comm'n*, 34 F.4th 1090 (D.C. Cir. 2022); *In re Google LLC*, 949 F.3d 1338 (Fed. Cir. 2020).

Further, Petitioners provide no reason why an additional district court report and recommendation or decision would be sufficiently helpful to the Court of Appeals to justify the expenditure of the Court's and the parties' resources at this juncture. This case is not like *In re Google LLC*, *supra*, where the Federal Circuit chose to "allow [an] issue to percolate in the district courts" because "the importance, scope, and nature of the issue" for it to review remained unclear. *In re Google LLC,* No. 2018-152, 2018 U.S. App. LEXIS 31000, at *7 (Fed. Cir. Oct. 29, 2018). There is no question that Judge Chutkan's and Judge Leon's decisions clearly define the importance, scope, and nature of the jurisdictional issues now on appeal. *See, e.g.*, *Blasket* Appeal, Statement of Issues (Apr. 7, 2023); *Nextera* Appeal, Statement of Issues (Apr. 19, 2023); *9REN* Appeal, Statement of Issues (Apr. 20, 2023). The conflicting decisions from other judges of this

---

[2] Spain does not acquiesce in Petitioners' characterizations, *inter alia*, of the procedural history of the instant case or any of the other relevant cases against Spain.

Court, which examine the parties' arguments and governing case law, were rendered after extensive briefing from the parties in all of the cases, and amicus curiae briefing by the European Commission and oral argument in two of the three cases. Petitioners identify nothing unique about this particular action that is likely to result in a decision, one way or the other, that covers new ground as to the common FSIA issues. Nor have Petitioners identified any case where a court considered "promot[ing] further development of the law" at the district court level, D.E. 72 at 12, as relevant to a motion for a stay pending the resolution of an appeal.

Moreover, a decision in this case likely would not come in time to benefit the appellate decision-making process. Even if Magistrate Judge Upadhyaya issued a report and recommendation tomorrow, May 4, 2023, briefing on either side's objections to the report and recommendation would not be completed until June 8, 2023, at the earliest. *See* Fed. R. Civ. P. 72(b)(2); LCvR 72.3(b); LCvR 7. Briefing will be complete in the Appeals on July 20, 2023, and they will be argued "on the first appropriate date" thereafter. *Blasket* Appeal, Per Curiam Order, at 2-3 (Apr. 20, 2023); *Nextera* Appeal, Per Curiam Order, at 2-3 (Apr. 20, 2023); *9REN* Appeal, Per Curiam Order, at 2-3 (Apr. 20, 2023). Given this briefing schedule, Petitioners present no reason for this Court to proceed to a decision "with a 'sense of urgency.'" D.E. 72 at 8 (quoting *Perenco Ecuador Ltd. v. Republic of Ecuador*, No. 1:19-cv-2943 (JMC), 2023 U.S. Dist. LEXIS 44022, at *13-14, 18 (D.D.C. Mar. 16, 2023)).[3]

In short, any putative "benefit" to the appellate decision-making process that might be achieved by issuing a decision on Spain's motion to dismiss in this case while the Appeals are

---

[3] Nor should the Court view its role in adjudicating this case as "perfunctory," *see* D.E. 72 at 8, if it ultimately is determined that there is subject matter jurisdiction. *See generally* D.E. 18-1 at 38-44; D.E. 25 at 29-32; D.E. 47; D.E. 69 at 14-20. Spain reserves all its rights in this regard.

ongoing is marginal and speculative. It pales in comparison to the benefits a stay would generate for the judicial process and the parties.

## II. Petitioners Will Not Face Hardship Due to a Stay

Petitioners' unfounded claims of hardship do not warrant denying Spain's motion. Nothing in their opposition establishes that "there is 'even a fair possibility' that a stay would adversely affect [them]" in any way. *Nat'l Indus. For Blind.*, 296 F. Supp. 3d at 137.

Petitioners claim hardship insofar as a "delay" in resolving this action is alleged to "jeopardize [their] ability to obtain priority liens on Spain's assets" in the hypothetical event that *any* action proceeds to judgment against Spain. *See* D.E. 72 at 9. Petitioners cite no case law recognizing this supposed risk as a cognizable hardship relevant to resolving a stay motion.

Nor have they shown why, even it were relevant, this theoretical risk would outweigh the concrete benefit to judicial economy that a stay would produce. In the hypothetical scenario in which Judge Chutkan's rulings on jurisdiction in *Nextera* and *9REN* are upheld, there is no reason to conclude that the 14 actions pending in this District would be resolved on dissimilar timelines. And, assuming *arguendo* that this and one or more other cases against Spain in this District ultimately result in judgments in favor of the award creditors, there would be further process required before any enforcement could begin. Each potential future judgment creditor would need to seek an order pursuant to 28 U.S.C. § 1610(c) permitting enforcement, which may only be granted after the court "determine[s] that a reasonable period of time has elapsed following the entry of judgment." *Id*. In the unique circumstances presented by this and the 13 other similar actions pending in this District, what constitutes "a reasonable period of time" in one action might well depend on the status of the others.

Further, in the hypothetical event Petitioners and similarly-situated award creditors were to identify attachable assets and seek to obtain enforcement orders, district courts have tools to

manage multiple competing creditors seeking to enforce judgments against foreign sovereigns. For example, in proceedings to enforce multiple judgments confirming international arbitral awards against Venezuela, the District Court for the District of Delaware recently resolved motions for writs of attachment filed by multiple judgment creditors at the same time through the same order. *See OI European Grp. B.V. v. Bolivarian Republic of Venez.*, No. 19-mc-290-LPS, 2023 U.S. Dist. LEXIS 49287 (D. Del. Mar. 23, 2023).

Finally, contrary to Petitioners' contentions, *see* D.E. 72 at 8-9, 11, Spain's action against Petitioners in Luxembourg has nothing to do with Spain's motion to stay this action. The Court should stay this action because of the common issues in and trajectory of the related U.S. cases on appeal. The Luxembourg litigation – which concerns matters of EU law and is being litigated between EU parties in the courts of an EU member State – provides no reason to deny a stay of this U.S. action, in light of the three pending Appeals that concern subject matter jurisdiction under the FSIA.

## CONCLUSION

For these reasons, and those in its opening memorandum, Spain respectfully requests that this Court stay this action pending the outcome of the *Blasket*, *Nextera*, and *9REN* Appeals.

Dated: May 3, 2023

Respectfully submitted,

KINGDOM OF SPAIN

By its attorneys,
/s/ Nicholas M. Renzler
Derek C. Smith (D.C. Bar No. 468674)
dcsmith@foleyhoag.com
Diana Tsutieva (D.C. Bar No. 1007818)
dtsutieva@foleyhoag.com
FOLEY HOAG LLP
1717 K Street, NW

Washington, DC 20006-5350
Tel:  202-223-1200

Andrew Z. Schwartz (D.D.C. Bar No. MA0017)
aschwartz@foleyhoag.com
Andrew B. Loewenstein (D.D.C. Bar No. MA0018)
aloewenstein@foleyhoag.com
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210-2600
Tel:  617-832-1000

Nicholas M. Renzler (D.C. Bar No. 983359)
nrenzler@foleyhoag.com
FOLEY HOAG LLP
1301 Avenue of the Americas
New York, NY 10019
Tel: 212-812-0400

*Attorneys for Respondent*

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on May 3, 2023.

/s/ *Nicholas M. Renzler*
Nicholas M. Renzler