IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Infrastructure Services Luxembourg S.A.R.L. and Energia Termosolar B.V., <br><br> *Petitioners*, <br><br> v. <br><br> Kingdom of Spain, <br><br> *Respondent*. | Civil Action No. 1:18-cv-01753-EGS |

**PETITIONERS' RESPONSE TO SPAIN'S OBJECTION TO
SEPTEMBER 13, 2023 MINUTE ORDER**

Pursuant to Fed. R. Civ. P. 72(a) and Local Civil Rule 72.2(b)-(c), Petitioners respectfully submit this response to Spain's Limited Protective Objection ("Objection") to Magistrate Judge Upadhyaya's September 13, 2023 Minute Order ("Order") granting Spain's motion to stay this action "pending resolution of" three coordinated appeals currently before the D.C. Circuit (the "Spain Appeals").

There is no legal basis for Spain's request to modify Judge Upadhyaya's Order—an order that granted Spain's own motion to stay. A magistrate judge's nondispositive ruling can be "modif[ied] or set aside" only where it is "clearly erroneous or is contrary to law." Rule 72(a); Local Civil Rule 72.2(c). "The burden of demonstrating clear error is a heavy one." *Perles v. Kagy*, 394 F. Supp. 2d 68, 73 n.10 (D.D.C. 2005). "A magistrate's determination is clearly erroneous" only when "'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Fed. Sav. & Loan Ins. Corp. v. Commonwealth*

*Land Title Ins. Co.*, 130 F.R.D. 507, 508 (D.D.C. 1990) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).[1]

Spain identifies no such mistake here. It raises "no objection" to the "result" of the Order—the entry of a stay pending resolution of the Spain Appeals. Objection at 1. Instead, Spain quibbles that the Order's explanation for that result "oversimplifies matters and does not accurately capture Spain's position," Objection at 1. But there is no error or mistake of law in the Order's broad observation that "the *central* legal issue in the Spain Appeals is the same which is at issue in this case, and the D.C. Circuit's decision in the Spain Appeals is *likely* to be dispositive of this case" (emphases added). Nor is Spain entitled to an order that employs its preferred characterization of the issues that may or may not require resolution following the Spain Appeals—an issue that has no bearing on the stay and does not bind the post-appeal proceedings. *See* Objection at 2-3.

Spain's objection to a nondispositive, nonpreclusive stay order granted on its own motion is a transparent effort to multiply proceedings and delay adjudication of this long-pending case—precisely the result Petitioners sought to avoid by opposing the stay motion in the first place. "'[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases,'" and Spain's objection "indicates that [it] is attempting to conduct this litigation in a manner contrary to that framework." *Chapman v. IRS*, 2018 WL 1967114, at *1 (D.D.C. Mar. 2, 2018) (quoting *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016)).

To avoid adding to this delay, Petitioners respectfully request that the Court decide Spain's objection promptly on the papers. Because Judge Upadhyaya's Order is not clearly erroneous or contrary to law, Spain's objection should be denied.

---

[1] Notably, Local Rule 72.2(c)'s alternate standard—under which a district judge can "modify or set aside any portion of" a pretrial conference order issued under Local Civil Rule 16.5 "whenever the district judge deems such a modification necessary or appropriate"—does not apply to nondispositive orders generally.

Dated: October 11, 2023 Respectfully submitted,

/s/ *Matthew McGill*

Matthew McGill, D.C. Bar #481430
mmcgill@gibsondunn.com
Matthew S. Rozen, D.C. Bar #1023209
mrozen@gibsondunn.com
Ankita Ritwik, D.C. Bar #1024801
aritwik@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
Telephone:  202.955.8500
Facsimile:  202.467.0539

*Attorneys for Petitioners Infrastructure Services Luxembourg S.A.R.L. and Energia Termosolar B.V.*

## CERTIFICATE OF SERVICE

    I hereby certify that on October 11, 2023, I caused a true and correct copy of the foregoing document to be filed with the Clerk for the U.S. District Court for the District of Columbia through the ECF system. Participants in the case who are registered ECF users will be served through the ECF system, as identified by the Notice of Electronic Filing.

                                          /s/ *Matthew McGill*
                                          Matthew McGill