IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Infrastructure Services Luxembourg S.A.R.L. and Energia Termosolar B.V., <br><br> *Petitioners*, <br><br> v. <br><br> Kingdom of Spain, <br><br> *Respondent*. | **Civil Action No. 1:18-cv-01753-LLA** |

### Joint Status Report

Pursuant to the Court's September 13, 2023 Minute Order, Petitioners Infrastructure Services Luxembourg S.A.R.L. and Energia Termosolar B.V. and Respondent the Kingdom of Spain submit this joint status report regarding: (1) the three related appeals in the D.C. Circuit (*NextEra Energy Global Holdings BV v. Kingdom of Spain*, No. 23-7031; *9REN Holding SARL v. Kingdom of Spain*, No. 23-7032; and *Blasket Renewable Investments LLC v. Kingdom of Spain*, No. 23-7038) (collectively, the "Spain Appeals"); and (2) the related proceeding in the District Court of Luxembourg (the "Luxembourg Action").

1. The D.C. Circuit issued a joint opinion disposing of the Spain Appeals on August 16, 2024. The decision is attached hereto as Exhibit A. As relevant to this Court's jurisdiction, the D.C. Circuit held "that the district courts have jurisdiction under the FSIA's arbitration exception to confirm these arbitration awards against Spain," because the ECT's arbitration provision is itself a "completed agreement" between signatory countries to arbitrate disputes for the benefit of private investors. Ex. A, at 7, 23 (cleaned up).

2. The Luxembourg Action remains stayed pending a final decision in the English Court of Appeal in *Luxembourg S.À.R.L. v. Kingdom of Spain* [2024] EWCA (Civ) 52,

bit.ly/3I6yqMT.  The English High Court concluded a hearing on that appeal on June 20, 2024. That court has not yet rendered a decision.

3. As contemplated by the September 13, 2023 Minute Order, the parties met and conferred to discuss next steps in light of the D.C. Circuit decision.  The parties' positions are as follows:

**Petitioners' Position**

4. Petitioners' position is that the Court should lift the stay, deny Spain's motion to dismiss, and proceed to enter judgment on Petitioners' Award.

5. The Court should lift the stay immediately because the D.C. Circuit's opinion is controlling law on the issue of this Court's jurisdiction, regardless of any further review Spain may seek.  *See Cox v. Dep't of Just.*, 2024 WL 3642871, at *8 (2d Cir. Aug. 5, 2024) (collecting cases explaining that a published opinion "becomes binding precedent when it is decided," even if the "mandate has not yet issued").  Thus, there is no reason to await issuance of the D.C. Circuit's mandate.

6. The Court should deny Spain's motion to dismiss because Spain's remaining defenses are meritless.  Although the D.C. Circuit reserved opinion on "the ultimate enforceability of these awards," Ex. A, at 29, that reservation is of no moment under the ICSID Convention because the Convention commits its signatories to enforcing awards without "any appeal or . . . any other remedy except those provided for in [the ICSID] Convention." ICSID Convention, art. 53(1).  Under the Convention, the Court "may do no more than examine the judgment's authenticity and enforce the obligations imposed by the award," without allowing any "substantive challenges."  *Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela*, 863 F.3d 96, 102, 118 (2d Cir. 2017); Dkt. 19, at 9-10, 35-36. Spain's remaining merits defenses (Dkt. 18-1, at 29-35)

2

thus cannot forestall entry of judgment in Petitioners' favor, and, in any event, they are meritless. *See* Dkt. 19, at 36-42; *Cube Infrastructure Fund SICAV v. Kingdom of Spain*, 2023 WL 2914472, at *11-14 (D.D.C. Mar. 31, 2023) (Upadhyaya, M.J.).

7. Upon denying Spain's motion to dismiss, the Court should proceed to enter judgment without further briefing. Spain already briefed its argument that the award is not entitled to full faith and credit because the tribunal supposedly lacked jurisdiction, as well as its other purported merits defenses, in its motion to dismiss. *See* Dkt. 18-1, at 29-35; Dkt. 25, at 19-24. And petitioner has already explained that those arguments are not defenses to ICSID enforcement because, among other reasons, they do not undermine the full faith and credit due to the award. *See* Dkt. 19, at 22-42. None of this has changed since that briefing was completed. There is thus no need for an additional round of briefing on issues the parties have already briefed, especially when doing so would serve mainly to further delay judgment. At most, any intervening developments can be addressed through short supplemental briefs, exchanged concurrently, on subsequent developments, none of which alter the available defenses to the full faith and credit due to the award.

**Spain's Position**

8. Spain has thirty days to seek *en banc* review of the panel's decision. If Spain seeks *en banc* review and prevails on the question of jurisdiction, further proceedings in this Court would be unnecessary—and, indeed, improper. The Court should not schedule any further briefing in this case until any *en banc* petition is resolved and the mandate issues in those cases.

9. If the panel's jurisdictional holding remains undisturbed, the Court should thereafter enter a schedule for summary judgment briefing on the merits. Petitioner's request to

forgo that process is misplaced. The D.C. Circuit was clear about the limits of its holding and the need for further proceedings in the district courts:

> [W]e hold only that the district courts have jurisdiction to enforce these arbitration awards. That does not mean they must or should do so. By basing jurisdiction on the Energy Charter Treaty as an agreement "for the benefit" of foreign investors, ***we do not address the merits question*** whether that Treaty's arbitration provision extends to EU nationals and thus whether Spain ultimately entered into legally valid agreements with the companies.

Ex. A at 28 (emphasis added). Spain presented that same "merits question" in its motion to dismiss—*see* ECF No. 18-1 at 29–34 (asserting "the Award is not entitled to full faith and credit" because Spain "did not conclude an arbitration agreement with Petitioners referring the dispute to ICSID arbitration")—and it remains unanswered by this Court or the D.C. Circuit.

10. To resolve that question, Spain submits that the Court should enter a briefing schedule for summary judgment motions. That is the common practice after ICSID enforcement actions clear the jurisdictional threshold of the FSIA. *See, e.g.*, *Pezold v. Republic of Zimbabwe*, 2023 WL 5547912, at *4 (D.D.C. Aug. 9, 2023) (ordering the parties to "present the court" with a summary judgment briefing schedule after finding that the FSIA's arbitration and waiver exceptions applied to ICSID enforcement action against Zimbabwe); *Valores Mundiales, S.L. v. Bolivarian Republic of Venezuela*, 2022 WL 17370242, at *6-9 (D.D.C. Aug. 3, 2022) (resolving full-faith-and-credit arguments in ICSID enforcement action via motion for summary judgment).

11. Petitioners contend otherwise, claiming the Court is powerless to do anything other than examine the award's authenticity and enforce its obligations. But that is inconsistent with the D.C. Circuit's recognition that the "ultimate enforceability" of the ICSID awards in *NextEra* and *9REN* remains an open question. *See* Ex. A at 18, 29. Regardless, as courts in this district have explained, the "appropriate course of action for a district court petitioned to enforce an authenticated ICSID award is to treat it in the same manner as a state court judgment." *TECO*

4

*Guatemala Holdings, LLC v. Republic of Guatemala*, 414 F. Supp. 3d 94, 102 (D.D.C. 2019); *see also Tethyan Copper Co. Pty Ltd. v. Islamic Republic of Pakistan*, 590 F. Supp. 3d 262, 268-69 (D.D.C. 2022) (explaining that a court's role in ICSID enforcement actions "entails more than summary enforcement of an award") (citation omitted).  Thus, Spain is entitled "to raise the same defenses" to the award that "a party could raise to a federal court's enforcement of a state court judgment," *TECO Guatemala Holdings*, 414 F. Supp. 3d at 102, including its argument that the arbitrators "did not have jurisdiction" because Spain never agreed to arbitrate anything with Petitioners, *see* Dkt. 18-1 at 31; *see also Valores Mundiales, S.L. v. Bolivarian Republic of Venezuela*, 87 F.4th 510, 519-20 (D.C. Cir. 2023) (recognizing a tribunal's "want of jurisdiction" as a potential basis to deny full faith and credit to an ICSID award).

12. Petitioners also suggest that there is no need to enter a briefing schedule because the parties "have already briefed" these issues as part of Spain's motion to dismiss.  But because that motion was filed more than five years ago, the prior briefing does not account for significant EU law developments since that time, such as (1) the European Court of Justice's 2021 holding that "EU law precludes" the Energy Charter Treaty's arbitration provision "from being imposed on Member States as between themselves," *Republic of Moldova v. Komstroy LLC*, ECLI:EU:C:2021:655, and (2) recent declarations from EU Member States regarding their common understanding that the Energy Charter Treaty could not—and cannot—authorize intra-EU arbitration.

13. Accordingly, Spain respectfully requests that the Court direct the parties to "confer and present the court with a briefing schedule for summary judgment motions," *Pezold*, 2023 WL 5547912, at *4, to commence following the issuance of the mandate in the pending appeals, if the panel's jurisdictional holding remains undisturbed.

Dated: August 26, 2024

Respectfully submitted,

/s/ *Benjamin W. Graham*
Jonathan M. Landy (D.C. Bar No. 467847)
Benjamin W. Graham (D.C. Bar No. 1044724)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, S.W.
Washington, DC  20024
Tel.:   (202) 434-5000
Fax:   (202) 434-5029
Email: bgraham@wc.com

*Attorneys for Respondent the Kingdom of Spain*

/s/ *Matthew McGill*
Matthew McGill (D.C. Bar No. 481430)
mmcgill@gibsondunn.com
Matthew S. Rozen (D.C. Bar No. 1023209)
mrozen@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036
Telephone:  202.955.8500
Facsimile:  202.467.0539

*Attorneys for Petitioners Infrastructure Services Luxembourg S.A.R.L. and Energia Termosolar B.V.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on August 26, 2024, I caused the foregoing Joint Status Report to be filed with the Clerk for the U.S. District Court for the District of Columbia through the ECF system. Participants in the case who are registered ECF users will be served through the ECF system, as identified by the Notice of Electronic Filing.

/s/ *Matthew McGill*
Matthew McGill
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 955-8500
mmcgill@gibsondunn.com