UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INFRASTRUCTURE SERVICES LUXEMBOURG S.A.R.L., *et al.*, <br><br> *Petitioners*, <br><br> v. <br><br> KINGDOM OF SPAIN, <br><br> *Respondent*. | Civil Action No. 18-1753 (LLA) |

**ORDER LIFTING STAY**

Petitioners filed this action in July 2018 seeking to enforce an arbitral award against the Kingdom of Spain. ECF No. 1. After a long procedural history, the case was referred to Magistrate Judge Moxila A. Upadhyaya in September 2022 for full case management, up to but excluding trial. *See* Docket, *Infrastructure Services Luxembourg S.A.R.L. v. Kingdom of Spain*, No. 18-CV-1753 (D.D.C. Sept. 22, 2022). In September 2023, Magistrate Judge Upadhyaya stayed the case pending the resolution of three appeals before the U.S. Court of Appeals for the D.C. Circuit concerning whether a district court has jurisdiction to recognize and enforce foreign arbitral awards. *See* Sept. 13, 2023 Minute Order. The case was reassigned to the undersigned in December 2023. *See* Docket, *Infrastructure Services Luxembourg S.A.R.L. v. Kingdom of Spain*, No. 18-CV-1753 (D.D.C. Dec. 22, 2023). In August 2024, the court ordered that the case remain stayed and instructed the parties to file a joint status report proposing next steps for this case within ten days of the issuance of the last mandate in the appealed cases. *See* Aug. 27, 2024 Minute Order.

The D.C. Circuit issued the mandates in the three appeals on December 10, 2024. Mandate, *NextEra Energy Glob. Holdings B.V. v. Kingdom of Spain*, No. 23-7031 (D.C. Cir. Dec. 10, 2024); Mandate, *9REN Holding S.A.R.L. v. Kingdom of Spain*, No. 23-7032 (D.C. Cir. Dec. 10, 2024); Mandate, *Blasket Renewable Invs. LLC v. Kingdom of Spain*, No. 23-7038 (D.C. Cir. Dec. 10, 2024). The parties submitted their joint status report on December 20, 2024. ECF No. 97. In it, Petitioners request that the court "lift the stay, resolve Spain's motion to dismiss, and enter judgment on [their] arbitral award" given the D.C. Circuit's judgment that the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1605(a)(6), "confer[s] subject-matter jurisdiction on district courts to enforce arbitral awards." ECF No. 97, at 3. Spain argues that the court "should keep the stay in place pending the Supreme Court's disposition of Spain's forthcoming petition for a writ of certiorari" because as "a foreign sovereign" Spain should not "be forced to litigate the merits of this action" while its petition for certiorari is pending. *Id.* at 9. For the reasons explained below, the court will lift the stay in this case.

A court retains broad discretion to stay a case while awaiting the outcome of other proceedings. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). When deciding whether to maintain or lift a stay, the court must "'weigh competing interests and maintain an even balance' between the court's interests in judicial economy and any possible hardship to the parties." *Belize Soc. Dev. Ltd. v. Government of Belize*, 668 F.3d 724, 732-33 (D.C. Cir. 2012) (citation omitted) (quoting *Landis*, 299 U.S. at 254-55). An indefinite stay "must be supported by 'a balanced finding that such need overrides the injury to the party being stayed.'" *Id.* at 732 (quoting *Dellinger v. Mitchell*, 442 F.2d 782, 787 (D.C. Cir. 1971)). And "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Id.* (alteration in original) (quoting *Landis*, 299 U.S. at 255).

Here, several factors weigh against granting Spain's request for a stay. First, with respect to judicial economy, Spain cannot show that the Supreme Court is likely to grant its forthcoming petitions for certiorari in the related cases or that it is likely to prevail on the merits in a way that would deprive this court of jurisdiction. The three-judge panel of the D.C. Circuit unanimously agreed that district courts may exercise jurisdiction under the Foreign Sovereign Immunities Act to confirm foreign arbitral awards. *NextEra Energy Glob. Holdings B.V. v. Kingdom of Spain*, 112 F.4th 1088, 1105 (D.C. Cir. 2024); *see id.* at 1111 (Pan, J., dissenting in part) ("I concur with the court's holding that the district court has jurisdiction under the Foreign Sovereign Immunities Act to hear the instant cases and to confirm the arbitration awards at issue."). The full court thereafter denied Spain's petition for rehearing en banc. Order Den. Reh'g En Banc, *NextEra Energy Glob. Holdings B.V. v. Kingdom of Spain*, Nos. 23-7031, 23-7032, 20-7038 (D.C. Cir. Dec. 2, 2024) (per curiam). Tellingly, Spain did not seek to stay the D.C. Circuit's mandates pending its petitions for certiorari, which makes its request for a stay here curious. *See* Fed. R. App P. 41(d)(1).

Second, Spain is unlikely to face hardship in the absence of a stay. The parties' dispositive motions are already briefed, and to the extent supplemental filings are ordered, it is because the parties have jointly requested it. *See* ECF No. 97 at 2.

Third, on the other side of the equation, Petitioners are likely to suffer hardship if the case remains stayed. There are numerous similar enforcement actions pending against Spain in this district, several of which are now proceeding towards judgment. *See* Dec. 23, 2024 Minute Order, *Blasket Renewable Investments LLC v. Kingdom of Spain*, No. 22-CV-2403 (D.D.C. Dec. 23, 2024) (denying Spain's request to stay pending its forthcoming petitions for certiorari); Order Den. Mot. to Stay, *Blasket Renewable Investments LLC v. Kingdom of Spain*, No. 20-CV-817 (D.D.C.

Jan. 13, 2025) (same).  Continuing to stay this case increases the likelihood that other creditors will supplant Petitioners, threatens their ability to enforce the award, and "compel[s] them to stand aside while a litigant in another [case]" attempts to "define the rights of both." *Belize Soc. Dev. Ltd.*, 668 F.3d at 732 (quoting *Landis*, 299 U.S. at 255).  This risk is further exacerbated by the potential length of the stay, given that Spain has not yet filed its petition for certiorari.  Accordingly, it is hereby

**ORDERED** that the stay in this case is **LIFTED**.  It is further

**ORDERED** that, on or before February 10, 2025, both parties shall concurrently submit supplemental briefs, not to exceed twenty pages, updating the court on the developments since the case was stayed on September 13, 2023.  Both parties shall concurrently submit replies to the supplemental briefs, not to exceed ten pages, on or before February 24, 2025.

The court will rule on Spain's pending Motion to Dismiss, ECF No. 18, following the completion of supplemental briefing.

**SO ORDERED.**

_____
LOREN L. ALIKHAN
United States District Judge

Date:   January 27, 2025