UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

INFRASTRUCTURE SERVICES
LUXEMBOURG S.A.R.L., *et al.*,

  *Petitioners*,

v.

KINGDOM OF SPAIN,

  *Respondent*.

Civil Action No. 18 - 1753 (LLA)

**ORDER**

For the reasons stated in the court's memorandum opinion issued on August 12, 2025, ECF No. 115, it is hereby **ORDERED** that the arbitral award issued on June 15, 2018 in ICSID Case No. ARB/13/31 is **ENFORCED** in the same manner as if it were a final judgment of a court of general jurisdiction in one of the several states. It is further

**ORDERED** that judgment is entered in favor of Petitioners in the amount of $156,630,250.85 as of the date of this judgment, plus post-judgment interest at the rate specified in 28 U.S.C. § 1961, from the date of this judgment until the judgment is satisfied.[1]

---

[1] The parties dispute the rate at which post-judgment interest must accrue. Petitioners argue that the rate specified in 28 U.S.C. § 1961, governs, ECF No. 116, at 3-8, while Spain argues that the rate set forth in the ICSID award must apply, *id.* at 8-13. Section 1961(a) provides that post-judgment "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." Courts in this district have generally applied Section 1961(a) to judgments enforcing ICSID awards. *See, e.g.*, Judgment at 2 n.1, *Blasket Renewable Invs., LLC v. Kingdom of Spain*, No. 23-CV-2701 (D.D.C. Nov. 15, 2024), ECF No. 28; *Archirodon Constr. (Overseas) Co. v. Gen. Co. for Ports of Iraq*, No. 22-CV-1571, 2024 WL 341066, at *7 (D.D.C. Jan. 30, 2024); *Perenco Ecuador Ltd. v. Republic of Ecuador*, No. 19-CV-2943, 2023 WL 2536368, at *7-8 (D.D.C. Mar. 16, 2023); *Tenaris, S.A. v. Bolivarian Republic of Venezuela*,

(*continued on next page*)

**SO ORDERED.**

_/s/ L. Alikhan_
_____
LOREN L. ALIKHAN
United States District Judge

Date:   September 30, 2025

---

No. 18-CV-1373, 2021 WL 1177996, at *2-3 (D.D.C. Mar. 29, 2021); *Miminco, LLC v. Democratic Republic of the Congo*, 79 F. Supp. 3d 213, 218, 220 (D.D.C. 2015).  When a court confirms an arbitral award, "the award merges into the judgment," and judgments enforcing arbitral awards are money judgments subject to Section 1961.  *Tenaris, S.A.*, 2021 WL 1177996, at *2 (quoting *Bayer CropScience AG v. Dow Agrosciences LLC*, 680 F. App'x 985, 1000 (Fed. Cir. 2017)).  Spain argues that, by agreeing to arbitrate under the ICSID Convention, the parties agreed to apply the post-award interest rate set in the ICSID award.  ECF No. 116, at 12.  However, the Section 1961 rate is "mandatory, unless the parties agree to a different rate by clear, unambiguous, and unequivocal language or the arbitral award itself explicitly state[s] the interest rate to be applied post-judgment."  *Archirodon Constr. (Overseas) Co.*, 2024 WL 341066, at *7 (alteration in original) (internal quotation marks omitted).  As neither exception applies here, the court will award Petitioners post-judgment interest at the rate set forth in 28 U.S.C. § 1961(a).