**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| INFRASTRUCTURE SERVICES LUXEMBOURG S.A.R.L., *et al.*,<br><br>　　*Petitioners*,<br><br>v.<br><br>KINGDOM OF SPAIN,<br><br>　　*Respondent*. | Civil Action No. 18-cv-1753 (LLA) |

**RESPONDENT KINGDOM OF SPAIN'S CROSS-MOTION TO STAY
ENFORCEMENT OF THE JUDGMENT AND QUASH SUBPOENAS**

　　Respondent Kingdom of Spain ("Spain"), by and through its undersigned counsel, files this joint Cross-Motion to Stay Enforcement of the Judgment and Quash the Subpoenas Issued by Petitioners Infrastructure Services Luxembourg S.A.R.L., *et al.*, ("Petitioners") to The Clearing House Payments Company, L.L.C. and Federal Reserve Bank of New York ("Cross-Motion") and Opposition to Petitioners' Motion for Relief Pursuant to 28 U.S.C. § 1610(c) and 28 U.S.C. § 1963, and respectfully requests that the Court stay all efforts by Petitioners towards enforcement of this Court's September 30, 2025 Order entering judgment in favor of Petitioners in the amount of $156,630,250.85, including, but not limited to, a stay of (i) Petitioners' First Post-Judgment Interrogatories and Document Requests ("First Set of Discovery Requests"); and (b) Petitioners' subpoenas issued to two financial institutions ("Subpoenas").  In the alternative, pursuant to Federal Rule of Civil Procedure 45, Spain moves this Court to quash the two Subpoenas issued to: (i) The Clearing House Payments Company, L.L.C. ("TCH"); and (ii) Federal Reserve Bank of

New York. In support of the Cross-Motion, Spain submits an accompanying Memorandum of Law, the Declaration of Martin B. Jackson, and the exhibits attached thereto.

As set forth in the accompanying Memorandum of Law in support of Spain's Cross-Motion, the Court should stay all efforts to enforce the Judgment because (a) Section 1610(c) of the Foreign Sovereign Immunities Act ("FSIA") precludes Spain's assets from attachment and execution until the Court has determined that a reasonable period of time has lapsed since entry of the Judgment, which has not yet occurred, (b) a dispositive question regarding Spain's foreign-sovereign immunity is currently pending a writ of *certiorari* to the Supreme Court, which would irreparably harm Spain should the Supreme Court grant *certiorari* and reverse, (c) enforcement issues related to the Judgment are currently pending appeal before the D.C. Circuit, and (c) European Union Law prohibits Spain from paying the Judgment absent European Commission authorization, which procedures to seek approval have not been yet completed. In the alternative, the Court should quash the Subpoenas pursuant to Federal Rules of Civil Procedure 45(d)(3) because they (a) violate Spain's privacy interest in its financial affairs and sovereign immunity and fundamental principles of comity, (b) fail to provide a reasonable time for the recipients to comply thereby impermissibly risking disclosure of Spain's state-sensitive information by third parties, and (c) impermissibly seek irrelevant information and documents concerning the assets of dozens of non-debtors, including legally separate commercial entities, government agencies and government officials, without proper temporal or geographic limitations.

Accordingly, for the reasons set forth in the accompanying Memorandum of Law, the Jackson Declaration, all exhibits attached thereto, and all prior proceedings and pleadings in this action, Spain respectfully requests that the Court grant the Cross-Motion and stay Petitioners' First Set of Discovery Requests and the Subpoenas until the Court makes a determination pursuant to

Section 1610(c) of the FSIA that a reasonable period of time has lapsed since entry of the Judgment. In the alternative, Spain respectfully requests that the Court quash the Subpoenas to prevent Spain's assets from attachment and execution until the Court has determined that a reasonable period of time has lapsed since entry of the Judgment and to protect Spain's sovereign immunity and privacy interest in its financial affairs.

Dated: January 2, 2026

Respectfully submitted,

/s/ *Jacquelyn E. Fradette*
Jacquelyn E. Fradette
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC 20005
Tel.: (202) 736-8000
Fax: (202) 736-8711
jfradette@sidley.com

*and*

Simon Navarro (*pro hac vice pending*)
Martin B. Jackson (*pro hac vice pending*)
Tai-Heng Cheng (*pro hac vice pending*)
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 11201
Tel.: (212) 839-5300
Fax: (212) 839 5599
snavarro@sidley.com
mjackson@sidley.com
tcheng@sidley.com

*Counsel for Respondent, Kingdom of Spain*

3

## CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2026, I caused the foregoing document to be filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system.

/s/ *Jacquelyn E. Fradette*
Jacquelyn E. Fradette